## Joseph Porritt v. Elizabeth Porritt.

*Divorce: Desertion: Separation.* The separation required to constitute the offense under the law respecting divorce, must be, and continue to be, for the period named, a voluntary breaking off of matrimonial cohabitation by one party against the will of the other, and under circumstances which the law does not consider sufficient to justify it.

Where for more than one year of the three and a half years of separation of the parties, the defendant was awaiting trial upon a charge made against her by the now complainant of an attempt to take his life by poison; and when during the *whole* period of separation, except ten days, a suit for divorce on complaint of the now defendant was pending upon charges of cruelty and habitual drunkenness of the now complainant, and in which the circuit court made a decree divorcing the parties which this court reversed, but upon grounds in no wise impugn the good faith of that application :

*Held*, that this separation of the present defendant from her husband under such circumstances, affords no ground for a divorce.

*Heard May 6th. Decided May 12th.*

Appeal in Chancery, from Wayne Circuit.

The bill in this cause was filed by complainant below, to obtain a divorce from defendant on the ground of desertion.

The case was heard on the pleadings and proofs, and the bill was dismissed.

The facts are stated in the opinion.

*Ward & Palmer,* for complainant.

The complainant seeks a divorce on the ground of desertion by the defendant. She left the complainant on the 24th day of August, 1864, and on the 27th day of the same month commenced proceedings for a divorce from the bonds of matrimony. This court held that she left the defendant without justifiable cause, and denied the prayer of his bill.—*16 Mich. p. 140.*

Her desertion continued from the time she left the complainant till the 28th day of October, 1867, when he filed the bill in this suit.

The defendant, in her answer, alleges the same matters in defense of her desertion, that she set forth in her bill as grounds for a divorce, and adds to the same, that be-

fore she left the complainant, he accused her of attempting to poison him, and afterwards prosecuted her on the charge, and that on the trial of the same she was acquitted.

All the other matters set forth in the answer, even if this, which might have been litigated, could be excepted out, except the prosecution on the charge of poisoning, were passed upon in the previous suit, and found against her, and cannot now be again controverted by her, or made available in her defense in this cause.

The position then in which the defendant stands is this: She left the complainant for none of the causes for which a divorce may be granted, and by that act was guilty of desertion.—*Butler v. Butler, 1 Parsons, Penn. 329; Grove's Appeal, 1 Wright, 443, 447; Cattison v. Cattison, 10 Harris, Pa. 275; Eshback v. Eshback, 11 Id. 343; Vanleer v. Vanleer, 1 Id. 211; Bishop on Marriage and Divorce, vol. 1,* § 569--799.

And nothing occurred subsequently to break the continuity of the desertion.

*E. C. Hinsdale,* for defendant.

The complainant in his bill of complaint alleges that the defendant, his wife, has deserted him, and asks a divorce solely on this ground.

This desertion is denied by the answer, but this admits that a separation took place between the parties on the twenty-fourth day of August, A. D. 1864, and that the parties have not since lived together.

The evidence further shows that on the 27th day of August, A. D., 1864, the present defendant filed her bill of complaint againt the present complainant for a divorce on other grounds; that the prayer of said bill was granted by the Circuit Court for the county of Wayne, in Chancery, but on appeal the decree of said Circuit Court was reversed, and said bill was dismissed October 21, 1867.

PORRITT v. PORRITT.

The bill in this case was filed on the 28th day of October, A. D. 1867, or just one week after the former suit ended.

1. Upon the above state of facts, we insist that the present bill cannot be maintained.

Desertion, as used in divorce law, is "the voluntary separation of one of the married parties from the other, or he voluntary refusal to renew a suspended cohabitation, without justification, either by the consent or wrongful conduct of the other."—1 Bishop on Marriage and Divorce, § 776.

It involves the ceasing to cohabit, the intent to desert, and the want of justification.

In this case there was no "intent to desert." This cannot be inferred from the mere fact of separation.—Ibid. § 784.

The defendant left the complainant under the belief that she had a good ground for a divorce from him, and immediately after the separation, she, in entire good faith, filed her bill for the purpose of obtaining a divorce. During the time of the pendency of that suit, cohabitation between the parties would have been highly improper, and therefore that time can form no part of the statutory period.—1 Bishop on Marriage and Divorce, §§ 801, 802; Marsh v. Marsh, 14 N. J. (1 McCarter,) 315; Doyle v. Doyle, 26 Mis. 549.

2. The complainant's cruel conduct towards the defendant subsequent to the commencement of the former suit, effectually prevented any reconciliation between them, and was of itself a good cause for her remaining separated from her husband.

In September, 1864, he instituted criminal proceedings against her, in which he accused her of attempting to poison him. On this charge she was tried in September, 1865, and acquitted.

During the pendency of this criminal suit, her separation from him was justifiable, and, from his conduct, his consent to such separation may be inferred. The year which elapsed between the commencement and end of this suit cannot, therefore, form a part of the statutory period.

After the acquittal of the defendant upon the criminal charge, the complainant cruelly persisted in his accusation of her criminality at different times and in the presence of different persons.

These accusations are acts of cruelty which would justify the defendant in separating from the complainant, even if there had been no suit for divorce pending.—*Gillinwater v. Gillinwater, 28 Mis. 60; Marker v. Marker, 11 N. J. 266; Hardin v. Hardin, 17 Ala. 250; Rutlidge, v. Rutlidge, 55 Sneed, (Tenn.) 55; Kimball v. Kimball, 13 N. H. 224.*

The decree of the Circuit Court dismissing the complainant's bill should be affirmed.

GRAVES J.

This is a bill filed by the husband against the wife for a divorce, on the ground of desertion.

The suit was commenced on the 28th day of October, 1867, and it is alleged by the bill that the defendant deserted complainant on the 24th day of August, 1864, and has ever since lived separate and apart from him, and refused to live with him. The defendant by her answer admits that she separated from complainant on the 24th of August, 1864, and has ever since lived apart from him; but she denies the desertion stated in the bill. She insists that he was habitually drunk, and often very violent and abusive to her, and that his language and behavior, was so offensive and cruel, as to cause her to leave him at the time mentioned. She also alleges that shortly after she left the complainant, he caused her to be arrested on a false charge made by him that she had attempted to take

his life by means of poison, and that she was subsequently tried upon said charge in the Circuit Court and acquitted.

In the sense of our law respecting divorce, desertion implies a voluntary breaking off of matrimonial cohabitation by one party against the will of the other for the full period of two years, and under circumstances which the law does not consider sufficient to justify it. The separation required to constitute the offence, must continue to be marked by the characteristics here indicated for the whole statutory period, and not merely for the hour, day or week when the breach occurs, or for any other space of time less than two years.

It appears that the separation in this case had continued for a little more than three years and two months, when the husband filed his bill, and the evidence makes a strong impression upon our minds that at no time during the whole period, the complainant was averse to the separation. But the record also discloses, that from the fore part of September, 1864, until the 30th of September, 1865, when she was tried and acquitted, the defendant was under a legal charge preferred by complainant of an attempt to take his life by poison, and was for that period of over a year awaiting trial. During that time, she could not have been required with justice to cohabit with her husband, and her refusal to do so was justified by the circumstances.

It would be a strange and most dangerous perversion of the statute which makes the crime of desertion a ground of divorce, to adjudge a wife held for trial for a year or two at the instance of the husband for an indictable offense, to have been guilty of desertion while thus held, though innocent of the other offense. A doctrine of that kind would convert the separation caused by the charge preferred by the husband into a crime in her against the matrimonial rights of the husband, and to be followed by a divorce based upon it.

PORRITT v. PORRITT.

The law is not so inconsistent as to pay off in that manner the wrongful accusation and enforced separation with the deeper injury of a divorce grounded upon it.

There is, however, another circumstance connected with this case, which requires to be considered.

It is shown that the present defendant on the 27th of August, 1864, being three days only after the separation occurred, filed her bill in the court below against the present complainant for a divorce, on the alleged ground of cruelty and habitual drunkenness on the part of the husband, and that, notwithstanding an earnest defense by the latter, the wife obtained a decree on the 10th of January, 1867, but which was reversed in this court on the 28th of October, 1867, upon reasons which admitted the habitual drunkenness of the present complainant.—*16 Mich. R. 140.* The pendency of that suit from its institution, until the reversal of the decree in this court, embraced the whole period of the separation relied on in this bill, except about ten days. It is also seen that the decree of the Circuit Court divorcing the present defendant was actually standing unreversed for more than nine months of that time.

There is no ground for contending that the former bill was not filed in good faith; and any supposition that it lacked the elements of a real case worthy of judicial investigation, is repelled by the opinion expressed by this court, and the circumstance that the court below thought the case as made by the wife, sufficiently meritorious to justify a decree as prayed by the bill.

Some of the proceedings incident, or belonging to divorce cases, mark the sense of the law on the subject of cohabitation during the suit. Where the circumstances of the wife demand it, the court is authorized to require the husband, according to his ability, to support the wife separately while the suit is going on, and we cannot suppose that this would be so, if the separation were deemed by the law to be wrongful.

18 MICH.—c.[3]

PORRITT v. PORRITT.

Then it is well settled, that collusion of the parties will be fatal to the suit, and uninterrupted cohabitation would usually be a sign of [collusion, when it did not tend to show conjugal forgiveness, which, if shown in time and proper form, would be equally fatal to the case.

But apart from considerations of this description, we are of opinion that it was eminently wise and proper for the parties to keep separate during the pendency of the former suit, and that it would have been wholly incompatible with any just conception of the nature of that suit, and an offense against social propriety, if not a sufficient and deserved answer to the application, for the wife to have voluntarily cohabited with her husband, after having stated a case to establish its impropriety, and on which she asked the court to set its seal of approbation by a decree.

Without pausing to dilate upon the manifest impropriety of holding that a failure or refusal to cohabit during the nine months, when the decree of divorce made by the Circuit Court was standing, should be deemed nine months of desertion, we are satisfied that the separation of these parties during the pendency of the first suit was a proper and justifiable separation, and not in any just sense imputable to the wife, as a continued voluntary breach of matrimonial cohabitation against the will of the husband; and we are also satisfied, that, independently of this consideration, the complainant has failed to show an intentional separation of the defendant from him, and against his will, for the term of two years as claimed by the bill. As we think the decree of the court below, dismissing the bill, was correct, it must be affirmed, with costs.

The other Justices concurred.