## No. 9020.

### MRS. B. JOLLY, WIFE, VS. A. F. WEBER, HER HUSBAND.

The wife who has obtained an order of court assigning her a domicile during the pendency of her action for separation from bed and board, is not amenable to the legal consequences of the refusal of a wife to obey the three reiterated summonses issued to her at the instance of the husband, during the pendency of the suit, under the provisions of Arts

Jolly vs. Weber.

143, 144 and 145 of the Civil Code. In such a case, her refusal to return to the matrimo-
nial domicile is for a lawful cause, and is amply justified by the order of the court which
assigned her a special domicile during the litigation. The fact that she changed such
domicile cannot defeat or suspend her action, unless such change is shown under an
issue specially raised contradictorily with her, as directed by Art. 147, Civil Code.

APPEAL from the Civil District Court for the Parish of Orleans.
*Lazarus,* J.

*J. Q. A. Fellowes* and *Albert Voorhies* for Plaintiff and Appellant.
*Alfred Grima* and *E. W. Huntington* for Defendant and Appellee.

The opinion of the Court was delivered by

Poché, J. Plaintiff sues for a judgment of separation from bed and
board against her husband, on the ground of habitual intemperance,
cruel treatment, including blows and outrages, which render their liv‐
ing together insupportable. She also prayed for custody of a female
child, issue of the marriage. Her prayer for the assignment of a dom-
icile during the pendency of the suit was granted *in limine.*

The defense is a general denial, followed by similar charges of intem-
perance and insupportable excesses against the wife. Defendant fur-
ther alleged the abandonment of the matrimonial domicile by the wife,
and prayed for the service of the three reiterated summonses provided
by the Code, ordering her to return to said domicile; and he prayed in
reconvention for a judgment of a separation against his wife.

This appeal is taken by plaintiff from a judgment rejecting her de-
mand, granting a judgment of separation in favor of the defendant, and
ordering a family meeting for the purpose of deciding which of the
spouses is entitled to the custody of the child.

We are not informed on which of the grounds of the reconventional
demand the district judge rested his conclusions. But we infer from
statements of defendant's counsel that the ground of abandonment evi-
denced by the summonses followed by a judgment sentencing the wife
to return to the place of the matrimonial domicile, entered in the con-
sideration of the case below; and the same course is pressed on us by
counsel for appellee.

But the record shows that on the institution of her suit, on the 7th
of July, 1881, plaintiff, who had left the matrimonial domicile, was
assigned a dwelling by the order of the court, and that the first sum-
mons under defendant's prayer was issued on the 12th of November fol-
lowing, only.

· We are, therefore, at a loss to appreciate the relief which defendant could possibly claim, under his wife's refusal to obey the summonses, in the face of the showing that her continued absence was justified in law by the order of the court allowing her another and a different domicile. C. C. arts. 144, 147.

The production of the judge's order assigning her a house to live in during the pendency of the suit, and which is a matter of record, is unquestionably a sufficient answer and a justifiable showing to the summonses of her husband through the court, directing her to return to the latter's domicile. The proceeding could not, therefore, give rise to a judgment sentencing her to comply with her husband's request, and all matters connected with the alleged abandonment must be eliminated from the cause.

We note the argument urged by defendant's counsel, predicated on the unauthorized change of domicile by the wife since the institution of this suit, but it cannot avail the defendant in the shape under which that fact leaked out of the mouth of a witness during the trial of the case on its merits.

The article of the Code contemplates the investigation of that fact, through an order of court requiring the wife to prove her residence during the pendency of the action; and the article further contemplates under its very terms that the wife is to be heard on that investigation. The wife's disobedience of the order, invoked in the shape of an argument, was not an issue in the case under the pleadings, and the testimony on that point cannot, therefore, be considered under the issues presented by the record.

The issue is thus narrowed to the consideration of the charges of cruel treatment, excesses and outrages, reciprocally made by the two spouses. As is usually the case in such causes, the evidence is distressingly conflicting. The record contains testimony which is damaging to both parties. But in our opinion the preponderance of the evidence is decidedly favorable to the wife.

· An attentive examination of the evidence satisfies us that for several years the defendant has been addicted to intemperance, and that when under the influence of liquor, he is very violent to his wife, abuses and maltreats her to an insupportable excess, and that he has frequently and cruelly stricken and beaten her, and has several times driven her out of the house at night.

His counsel contend that the ill-treatment shown by the evidence occurred several years ago; that it has been condoned and forgiven by

the wife, who has since become reconciled to her husband. This argument is made in the face of the allegation that the wife has left her husband since the latter part of the year 1878. But in addition, we find from the record that from the time that the defendant was driven from her home by her husband's ill-treatment, she has never resumed her conjugal relations with him. Her return to that house in the year 1878, was for the purpose of nursing and comforting a son by her previous marriage, who was then stricken down by yellow fever; and that return did not operate a reconciliation with her husband, such as the Code contemplates.

As soon as he resumed his former treatment she left the house, and under the law she is authorized to make use of the former motives in support of her action. C. C. 153; Terrell vs. Boarman, 34 Ann. 301; Cass vs. Cass, 34 Ann. 611.

In our opinion, these two spouses can no longer live together in peace and the fault must be attributed to the defendant husband. Hence, the wife is entitled to a decree of separation.

As the record shows that the wife is not entirely blameless, the district judge has thought it wiser not to give her the custody of the child, and has relegated the matter to the action of a family meeting.

Without holding that he has not wisely exercised his legal discretion in the premises, we feel compelled to adopt a different course. On mature reflection in the interest of the minor, we have concluded to settle the matter in this judgment.

In view of the advanced age of the mother, and of the sex of the child, we think it safe to entrust the daughter to the care and custody of her mother.

The judgment appealed from is, therefore, reversed and set aside. It is now ordered and decreed that plaintiff do have and recover judgment of separation from bed and board against her husband, the defendant; and that she be granted the custody of the minor child, Amelia Weber, issue of the marriage, and that defendant pay the costs in both courts.

Chief Justice recused, having been originally consulted.

Rehearing refused.