CHRISTOPH HALTENHOF

V.

CAROLINE HALTENHOF.

*Divorce—Desertion—When Judgment in Former Action for Same Cause a Bar.*

1.  Where a bill for divorce, on the ground of desertion, is dismissed, a subsequent bill for the same cause will not lie for at least two years thereafter.

2.  There can be no presumption in divorce proceedings that a desertion took place during the pendency thereof.

[Opinion filed March 4, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. H. B. B. WICKERSHAM, for appellant.

Mr. P. L. O'MEARA, for appellee.

WATERMAN, P. J.   September 22, 1883, appellant filed in the Circuit Court of Cook County, a bill praying for a divorce from appellee.  The bill charged that appellee on or about August 30, 1881, wilfully deserted him, without any reasonable cause, for the space of two years.  That cause came to a hearing November 19, 1884, upon which day there was a decree dismissing the bill.  On the 5th of October, 1886, not quite two years after the decree of November 19, 1884, appellant filed in the Superior Court another bill alleging that on or about January 4, 1884, appellee wilfully deserted and absented herself from him, and had persisted in such desertion, etc.  To this appellee filed a plea, setting up the decree in the prior case.  July 17, 1888, the court entered a decree dismissing the second bill, from which decree appellant has appealed.

It is urged that the decree of November 19, 1884, was only in respect to the matters alleged in the bill filed in that cause, which were an allegation of desertion August 30, 1881; that in that suit no desertion or absentation beyond the period of the filing of the bill in that cause, September 22, 1883, could be considered; and that consequently the plea of appellee filed in the present case, setting up the prior proceeding as a bar to this, should not have been sustained. If the court were to consider barely the decree rendered and matters alleged in the pleadings of the former cause, it might perhaps be said that the decree of November 19, 1884, is not a bar to this proceeding founded upon the bill filed October 5, 1886.  The court can not, however, fail to take note of what the effect of the former proceeding was. Clearly, while the former proceeding was pending, it can not be said that a desertion could take place.  Appellant had

brought suit against appellee charging her with desertion; there can be no presumption that during the pendency of that suit he would have received her had she returned. Nor can it be said to be incumbent upon either husband or wife to resume the marital relation and duties while a suit for divorce is in progress. After the termination of that suit, if appellant had offered to appellee a home with him and to restore her to lawful position as his wife, and she had refused to return, a period of desertion might be said to begin; but a decree for desertion can not be rendered under the bill filed October 5, 1886, without reckoning as a portion of the statutory two years some weeks during which the former application was pending and undetermined.

The decree of the Superior Court will be affirmed.

*·Decree affirmed.*