Robert James Perkins, for appellants. Louis Hermann Marrero, Jr., and Frederick Anthony Middleton, for appellees.

NICHOLLS, J. In this case a joint motion has been filed by the attorneys representing the plaintiffs (appellants) and the defendants (appellees) in which it is recited that they have agreed upon a judgment which they will ask the district court to render in this case, and in which they pray this court to remand this cause to the district court to be there proceeded with according to law.

We think, under this consent, and under the facts as shown by this record, this is a proper disposition to be made of the case.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is, hereby annulled, avoided, and reversed. This cause is reinstated on the docket of the lower court, and it is hereby remanded to it for further proceedings according to law.

---

(43 South. 991.)

No. 16,421.

ROHR v. STECHMAN.

(May 27, 1907.)

1. APPEAL—REVIEW—CONFLICTING EVIDENCE.

Where there is conflicting evidence, the conclusions of the trial judge are entitled to great weight, and will not be disturbed, unless manifestly erroneous.

2. DIVORCE—SEPARATE DOMICILE—REFUSAL TO RETURN.

Where the wife sued for a divorce, and the court assigned her a separate domicile, and the defendant husband reconvened with a demand for a separation from bed and board on the ground of abandonment, and obtained an order of court that the wife be summoned to return to the matrimonial domicile, held, that the refusal of the wife to obey the summons was justi-

fied by the order assigning her another and different domicile pending the suit for a divorce. Jolly v. Weber, 36 La. Ann. 676.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Catherine Rohr against George Joseph Stechman. Judgment for defendant, and plaintiff appeals. Affirmed. Judgment for defendant on his reconventional demand reversed.

William Charles McLeod, for appellant. John Louis Feliu, for appellee.

LAND, J. Plaintiff sued for a divorce on the ground of marital infidelity. The defendant husband, after pleading the general issue, reconvened, praying for a judgment of separation from bed and board on the ground of abandonment. There was judgment in favor of the defendant, and the plaintiff has appealed.

The charge of marital infidelity was supported by the testimony of a single witness, a stranger to the defendant. On the other hand, a witness well acquainted with the defendant testified to facts tending to sustain the defense of an alibi. Under the circumstances, we would not be justified in disturbing the finding of the judge a quo that the charge had not been satisfactorily established by a preponderance of the evidence.

On the institution of the suit the court ordered that the residence of plaintiff's father and mother be assigned as her domicile pending the suit. In his answer, defendant, after alleging abandonment, prayed that his wife be notified and summoned to return to the matrimonial domicile. It was so ordered by the court, and service was made on the plaintiff pending the suit for a divorce.

In Jolly v. Weber, 36 La. Ann. 676, this court held in a similar case that the refusal of the wife to obey the summonses was jus-

tified by the order of the court assigning her another and different domicile.

It is therefore ordered that the judgment, rejecting plaintiff's demand for a divorce and dismissing her suit, be affirmed; and it is further ordered that the judgment in favor of the defendant on his reconventional demand for a separation from bed and board be reversed, and his said demand be dismissed, with costs, as in case of nonsuit, defendant to pay costs of appeal and all costs occasioned by his reconventional demand.