Belknap,
May 4, 1909.

## EASTER *v.* EASTER.

The time during which a prior libel for divorce was pending is not to be excluded as matter of law in computing the three-years period of abandonment.

LIBEL FOR DIVORCE, filed August 24, 1908. Transferred from the November term, 1908, of the superior court by *Stone*, J.

February 19, 1905, the libelee without sufficient cause abandoned and refused to live with the libelant, and since that date the parties have not lived together or cohabited as husband and wife. September 11, 1906, the libelant brought a libel for divorce on the ground of abandonment, which was entered at the September term. The libelee appeared. There was no hearing, but at the March term, 1907 (March 27), the libel was dismissed without prejudice. The libelee moved to dismiss the pending libel upon the ground that three years' abandonment had not been proved, because the time during which the first libel was pending could not be reckoned as part of the three years. The court ruled otherwise, and the libelee excepted.

*Bertram Blaisdell*, for the plaintiff.

*Harrison Dunham & Son* (of Massachusetts), for the defendant.

PARSONS, C. J. " A divorce from the bonds of matrimony shall be decreed in favor of the innocent party . . . when either party, without sufficient cause, and without the consent of the other, has abandoned and refused for three years together to cohabit with the other." P. S., *c.* 175, *s.* 5. As there was no hearing, the facts involved in the first libel were not litigated, and the form of the judgment of dismissal (" without prejudice ") specially reserved to the parties the right to litigate all questions which might have been therein tried and determined. *Brown* v. *Brown*, 37 N. H. 536.

Whether the defendant, without sufficient cause and without the consent of the plaintiff, abandoned and refused for three years together to cohabit with the plaintiff were questions of fact determinative of the present proceeding. *Kimball* v. *Kimball*, 13 N. H. 222, 224; *Robinson* v. *Robinson*, 66 N. H. 600. The pendency of an application for divorce by either against the other might under some circumstances compel the inference that the separation during such pendency was consented to, or was with sufficient cause. *Ford* v. *Ford*, 143 Mass. 577; *Marsh* v. *Marsh*, 14 N. J. Eq. 315, —82 Am. Dec. 251; *Palmer* v. *Palmer*. 36 Fla. 385; *Haltenhof* v. *Haltenhof*, 44 Ill. App. 135; *Porritt* v. *Porritt*, 18 Mich. 420; *Hurning* v. *Hurning*, 80 Minn. 373; *Doyle* v. *Doyle*, 26 Mo. 545; *Salorgne* v. *Salorgne*, 6 Mo. App. 603. It may, however, appear that both elements were present during all the prior litigation. *Weigel* v. *Weigel*, 63 N. J. Eq. 677; *Hitchcock* v. *Hitchcock*, 15 App. D. C. 81; *Wagner* v. *Wagner*, 39 Minn. 394; *Neddo* v. *Neddo*, 56 Kan. 507.

It is said: "The parties should live separate during a suit for divorce. While the suit is pending cohabitation would be highly improper, and therefore the time of such separation can form no part of the statutory period." 1 Nels. Div. & Sep., *s.* 93. Doubtless absence of cohabitation after the filing of the libel is essential to the successful maintenance of a suit for divorce; but the policy of the law promotes the continuance of the marriage relation—not its destruction by divorce. Hence it is not probable this language was intended to be understood as a statement that the law requires the parties to remain separate until the legal adjudication of pending proceedings for divorce, or forbids their reconciliation before judgment, or considers impossible the existence of a purpose or conduct which may in time constitute a cause for divorce, merely because proceedings have been begun. If such were the law, the mere filing of a libel for divorce would be equivalent to a decree of separation, beyond the control of the parties, irreversible except by a formal dismissal of the libel.

The pendency of a libel for divorce is an evidentiary fact bearing upon the question whether the absence complained of is such an abandonment as the statute makes a cause for divorce, but it is not necessarily decisive of the question. One honestly prosecuting a supposedly sound suit for divorce cannot be found guilty of desertion while so engaged; and one charged with offences which imply the consent of the other to a separation cannot be charged with desertion within the meaning of the statute for refraining from the matrimonial relation both because the absence is justifiable and consented to. One who has caused a separation by a groundless suit cannot charge the other with desertion. But in

this case the separation was not caused by the plaintiff's former suit, nor justified by the plaintiff's conduct, but resulted from the defendant's wrongful act prior to the commencement of that suit. The former application for divorce upon the ground of abandonment did not conclusively establish that the libelant consented to the separation, nor did the pendency of the application necessarily destroy the libelee's abandoning intent—the essence of the charge of desertion in the party offending. 1 Nels. Div. & Sep., *s.* 93; 2 Bish. Mar. & Div., *s.* 506. Nothing appears from which it can be inferred that the trial court drew an unwarranted inference from the facts in evidence before it. The ruling that a single item of evidence was not conclusive on the material issues presented was not erroneous.

*Exception overruled.*

All concurred.