PARDO, PLAINTIFF AND RESPONDENT, *v.* PARDO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an Action for Divorce.

No. 1025.—Decided July 21, 1914.

DIVORCE—COUNTERCLAIM—CROSS-COMPLAINT.—A counterclaim or cross-complaint may be filed in a suit for divorce.

ID.—COUNTERCLAIM—ABANDONMENT.—The time elapsed between the filing of the complaint and the counterclaim cannot be included in computing the period of one year required by subdivision 5 of section 164 of the Civil Code as the term of abandonment necessary to constitute a cause of action for divorce.

The facts are stated in the opinion.
*Mr. José de Diego* for the respondent.
*Mr. José de Guzmán Benítez* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

This action originated in a complaint which Rosaura Cobián de Pardo filed against her husband, Mariano Pardo, for divorce. The defendant filed a cross-complaint for a divorce from his wife on the ground of desertion. Although the District Court of San Juan, Section 1, rendered judgment dismissing both the complaint and the cross-complaint, the present case is only of the appeal taken by the defendant, Mariano Pardo, for although the wife also appealed from the judgment, her appeal was dismissed. *Pardo* v. *Pardo,* 19 P. R. R., 1125.

The trial court dismissed the cross-complaint on the ground that the husband had not proved the desertion.

The appellant alleged in the cross-complaint that his wife abandoned their home on September 26, 1911, and went to live with her parents and that she had not returned up to the date of the filing of said cross-complaint, *i. e.,* October 11, 1912, notwithstanding that one year and fifteen days had elapsed between the two dates.

The return of service on the amended complaint bears date of April 19, 1912, and therefore from September 26, 1911, when, according to the cross-complaint, the plaintiff deserted her husband, to April 19, 1912, when the appellant was served with the amended complaint, only six months and some days had elapsed.

According to subdivision 5 of section 164 of the Civil Code, the abandonment of the wife by the husband or of the husband by the wife for a longer period of time than one year is ground for divorce.

In view of the foregoing, the first question to be considered is whether the time elapsed between the filing of the complaint by the wife and the filing of the cross-complaint by the husband can be included in computing the time of abandonment required by law, for, if it should not be computed, then from September 26, 1911, to the date of the filing of the amended complaint, or April 19, 1912, this being the only complaint we

have before us, the year required by law in order to maintain
an action for abandonment has not elapsed, and therefore the
cross-complaint does not state facts sufficient to constitute a
cause of action.

Before deciding this question we will point out that al-
though the respondent maintains in her brief that cross-com-
plaints or counterclaims cannot be entertained in actions for
divorce, yet this question has been decided contrarily by the
Supreme Court of California in its construction of section
442 of its Code of Civil Procedure, which is similar to section
115 of our code, in the cases of *Wadsworth* v. *Wadsworth,* 81
Cal., 182, 22 Pac., 648, and *Mott* v. *Mott,* 82 Cal., 413, 22 Pac.,
1140, which cases conclusively determine that a cross-com-
plaint or counterclaim may be entertained in actions for
divorce. See also 14 Cyc., page 72, and note.

As to whether desertion may be pleaded in the cross-com-
plaint, counting the time elapsed since the action for divorce
was brought, there is a conflict of authorities. In some cases
it is held that the separation of spouses during the pendency
of an action for divorce is justified, highly moral, and should
not be included in computing the statutory period of desertion.
14 Cyc., 633; *Palmer* v. *Palmer,* 36 Fla., 385, 18 So. 720;
*Haltenhof* v. *Haltenhof,* 44 Ill. App., 133; *Jolly* v. *Weber,* 36
La. Ann., 676; *Porrit* v. *Porrit,* 18 Mich., 420; *Doyle* v. *Doyle,*
26 Mo., 545; *Salogne* v. *Salogne,* 6 Mo. App., 602; *Marsh* v.
*Marsh,* 82 Am. Dec., 251; *Chipchase* v. *Chipchase,* 22 Atl.,
588; 17 Century Digest, par. 124.

In the case of *Hurning* v. *Hurning,* 83 N. W., 342, the court
said:

"Of course, parties to divorce proceedings should live separate
during the pendency of the action, for while the suit is in progress
cohabitation would be highly improper. Separation under such cir-
cumstances cannot be wrongful, but is contemplated by law, the hus-
band being compelled to support his wife while the suit is taking its
course. If separation of this character is not wrongful, a charge of
desertion cannot be based upon it, and the period of separation which

is proper—that is, the legitimate, actual, and direct result of the proceeding—cannot be reckoned as any portion of the year which, under our statute, must fully elapse and expire before an action for divorce on the ground of desertion can be commenced.''

Other authorities maintain that desertion may be pleaded in the cross-complaint as a ground for the divorce including the time which has elapsed since the action began.  14 Cyc., 463; *Needo* v. *Needo,* 44 Pa., 1; *Martin* v. *Martin,* 33 W. Va., 695.

Of the two theories, the first appears to us to be the more logical and moral, because it is contrary to human reason that a husband and wife who are litigating in an action for divorce and who often charge each other with acts that are degrading and criminal, can live together under one roof, and if such union is impossible and separation is necessary and obligatory, how can that period be computed as part of the period of desertion when, in order that desertion may exist, it is essential that there be no cause to justify it?

Deciding, then, in favor of the theory that the time which elapsed between April 19, 1912, the date of the filing of the complaint, and October 12 of the same year, when the cross-complaint for desertion was filed, we must arrive at the conclusion that from September 25, 1911, when, it is alleged, the wife deserted her husband, to the time the former filed her amended complaint, or April 19, 1912, the statutory period of one year had not elapsed and, therefore, that the cross-complaint does not state facts sufficient to constitute a cause of action, for which reason the judgment dismissing the cross-complaint should be affirmed.

The judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.

A motion to reconsider having been filed by the defendant, it was overruled by a ruling of July 31, 1914.