PARDO, DEMANDANTE Y APELADA, *v.* PARDO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso de divorcio.

No. 1025.—Resuelto en julio 21, 1914.

DIVORCIO—RECONVENCIÓN—CONTRADEMANDA.—En una acción de divorcio puede presentarse una reconvención o contrademanda.

ID.—RECONVENCIÓN—ABANDONO—TIEMPO TRANSCURRIDO DESDE LA DEMANDA HASTA LA RECONVENCIÓN.—El tiempo transcurrido desde la presentación de la demanda hasta la reconvención no puede incluirse para computar en ésta el término de un año que exige el párrafo 5 del artículo 164 del Código Civil, para que el abandono constituya causa de divorcio.

Los hechos están expresados en la opinión.

Abogado de la apelada: *Sr. José de Diego.*

Abogado del apelante: *Sr. José de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Este juicio se inició por demanda de Rosaura Cobián de Pardo contra su esposo Mariano Pardo por divorcio, en el que el demandado presentó una reconvención para que se decretara el divorcio a su favor por el fundamento de abandono por parte de su consorte. Aunque la sentencia de la Corte de Distrito de San Juan, Sección 1ª., declaró sin lugar la demanda y también la reconvención, el presente recurso versa únicamente sobre la apelación interpuesta por el demandado Mariano Pardo, ya que si bien la esposa también apeló de la sentencia, su apelación fué desestimada. *Pardo* v. *Pardo,* 19 D. P. R., 1188.

El tribunal sentenciador declaró sin lugar la reconvención basado en que el esposo no había justificado el abandono por parte de su mujer.

En la reconvención del apelante se alegó que su esposa abandonó el hogar conyugal el día 26 de septiembre de 1911

yéndose a vivir con sus padres y sin que hasta la fecha de
dicha reconvención, octubre 11 de 1912, hubiera regresado,
a pesar de haber transcurrido entre ambas fechas un año
y quince días.

La notificación de la demanda enmendada tiene fecha 19
de abril de 1912 y por tanto desde el 26 de septiembre de
1911 en que según la reconvención la demandante abandonó
a su esposo hasta dicho día 19 de abril de 1912 en que fué
notificada la demanda enmendada al apelante, solamente ha-
bían transcurrido seis meses y algunos días.

Según el párrafo 5º. del artículo 164 del Código Civil,
el abandono de la mujer por su marido o del marido por su
mujer por un término mayor de un año es causa de divorcio.

En vista de lo expuesto, la primera cuestión que surge
es la de si el tiempo transcurrido desde la presentación de
la demanda por su esposa hasta que la reconvención de su
marido fué presentada puede incluirse para computar el
tiempo de abandono exigida por la ley, ya que si no debe com-
putarse, entonces desde el 26 de septiembre de 1911 hasta
la fecha de la demanda enmendada, única que conocemos y
que es la de 19 de abril de 1912, no ha transcurrido el año
que exige la ley para que exista acción por abandono y enton-
ces la reconvención no aduce hechos determinantes de una
causa de acción.

Antes de resolver esta cuestión indicaremos que aunque
la parte apelada sostiene en su alegato que en demandas de
divorcio no es posible presentarse reconvenciones o contra-
demandas, sin embargo, esta cuestión ha sido resuelta en
sentido contrario por la Corte Suprema de California al inter-
pretar el artículo 442 de su Código de Enjuiciamiento Civil,
igual al 115 del nuestro, en los casos de *Wadsworth* v. *Wads-
worth*, 81 Cal., 182, 22 Pac., 648; *Mott* v. *Mott*, 82 Cal., 413
22 Pac., 1140, los cuales son terminantes en el sentido de que
puede presentarse una reconvención o contrademanda en ac-
ciones de divorcio. Véase también 14 Cyc., pág. 672 y nota.

En cuanto a si en la reconvención puede alegarse el abandono contando el tiempo transcurrido después de iniciada la acción de divorcio, existe un conflicto de autoridades. En algunos casos se sostiene que la separación de los esposos durante la tramitación de un pleito de divorcio es justificada, altamente moral y que no debe computarse como parte del tiempo necesario para que constituya abandono. 14 Cyc., 633; *Palmer* v. *Palmer,* 36 Fla., 385; 18 So., 720; *Haltenhof* v. *Haltenhof,* 44 Ill. App., 135; *Jolly* v. *Weber,* 36 La. Ann., 676; *Porrit* v. *Porrit,* 18 Mich., 420; *Doyle* v. *Doyle,* 26 Mo., 545; *Salorgne* v. *Salorgne,* 6 Mo. App., 602; *Marsh* v. *Marsh,* 82 Am. Dec., 251; *Chipchase* v. *Chipchase,* 22 Atl., 588; 17 Century Digest, divorce, par. 124.

En el caso de *Hurning* v. *Hurning,* 83 N. W., 342, se dice lo siguiente:

"Por supuesto que las partes en un pleito de divorcio deben vivir separadas durante la pendencia de un pleito, pues mientras se tramita la acción sería altamente impropio el cohabitar; la separación bajo tales circunstancias no es ilegal sino que es de acuerdo con la ley y el marido está obligado a sostener a su esposa mientras se tramita el pleito. Si la separación en tales circunstancias no es ilegal, la alegación de abandono fundada en tal separación es insostenible y el período que dura esa separación propia y que es el resultado legítimo, verdadero y directo del pleito, no puede computarse como parte del año que de acuerdo con nuestra ley debe transcurrir y expirar antes de poder entablar una acción de divorcio fundada en abandono."

Otras autoridades sostienen que en la reconvención puede alegarse el abandono como fundamento para el divorcio incluyendo el período transcurrido después de iniciada la acción, 14 Cyc., 673; *Neddo* v. *Neddo,* 44 Pac., 1; *Martin* v. *Martin,* 33 W. Va., 695.

Pero de las dos teorías nos parece más lógica y más moral la primera, pues no es posible, porque pugna a la razón humana, que dos esposos que litigan en una acción de divorcio y que se imputan mutuamente actos, muchas veces denigrantes y criminosos, puedan vivir juntos bajo un mismo techo.

Y si no es posible esta unión y la separación es necesaria y forozosa ¿cómo es posible que pueda computarse ese período como parte del abandono cuando precisamente para que exista el abandono es necesario que no haya causa que lo justifique?

Decidiéndonos, pues, por la teoría de que no debe computarse el tiempo que media desde el 19 de abril de 1912 en que se presentó la demanda enmendada hasta octubre 12 del mismo año en que la reconvención por abandono se formuló, tenemos que llegar a la conclusión de que, desde el 26 de septiembre de 1911 en que se alega que la esposa abandonó a su marido hasta la fecha en que ella presentó su demanda enmendada, 19 de abril de 1912, no había transcurrido el año de abandono que exige la ley y por tanto que la reconvención no aduce hechos determinantes de causa de acción, por cuyo motivo debe sostenerse la sentencia que la declaró sin lugar.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.

Presentada moción de reconsideración por la parte demandada, fué ésta desestimada por resolución de julio 31, 1914.