## SAKUICHI NISHIOKA *v.* KOMUME NISHIOKA.

### No. 1801.

Argued August 13, 1928.     Decided October 8, 1928.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF PERRY, C. J.

This is a suit for divorce instituted by the husband and based upon the ground of desertion of the wife for a period of more than six months preceding the date of the

libel. The wife filed a cross-libel upon three grounds; namely, failure to support, desertion and extreme cruelty. The circuit judge denied both petitions and a decree was entered accordingly. The wife did not appeal. The husband alone appeals. Nine witnesses testified. Their testimony conflicts on important issues. The circuit judge who saw and heard the witnesses was in a better position than we are to determine questions of credibility. The general rule applies that much weight must be accorded to his findings. Upon an examination of the evidence no reason appears for disturbing them.

The circuit judge made detailed findings of fact, for the purpose, doubtless, of making clearer the questions of law which present themselves. He found that the parties, who were married on December 28, 1922, last lived together as husband and wife on September 21, 1925; that on the last mentioned date the wife, with the consent of the husband, left Honolulu for a visit to Japan and returned to Honolulu on January 8, 1926; that on January 8, 1926, she refused to resume cohabitation with her husband and has ever since persisted in that refusal; that this refusal was without just cause and against the will and wish of the husband; that on February 1, 1926, the wife filed a suit for divorce, charging the husband with non-support; and that in June, 1926 (the precise date according to the present agreement of counsel was June 24, 1926), a decree was entered dismissing that libel.

Our statutes provide that "for wilful and utter desertion for the term of six months" a divorce may be had. R. L. 1925, Sec. 2965. There is no doubt that in order to satisfy the statute the desertion must be for a *continuous* period of six months. A total of six months composed of two or more periods of less than six months, interspersed with other periods of cohabitation, will not suffice. From January 8, 1926, when the wife first left the husband, until

February 1, 1926, when she filed her suit for divorce, twenty-five days elapsed. Then followed a period of four months and twenty-four days during which her suit was pending and undetermined. Then from June 24, 1926, when the decree was entered dismissing her suit, until December 14, 1926, when the present libel was filed, there was a period of five months and twenty days. The third period just mentioned continued for less than six months and is not sufficient in itself to meet the requirements of the statute. In order to complete the statutory period of six months either the first period of twenty-five days or the second period must be added. As above stated the first period clearly cannot be added, for the aggregate term would not under those circumstances be continuous. Can the second period be added?

While there are authorities to the contrary the weight of authority seems to me to be that the general rule is that during the pendency of a divorce suit the parties are in the eyes of the law justified in living separate from each other. Their rights are under investigation by the court and neither should be prejudiced by compulsory cohabitation during that time. To require a wife to continue to cohabit with her husband after she brings a suit for divorce alleging that her husband is guilty of some marital offense or delinquency would be to place her in a disadvantageous position in so far as the credibility of her testimony is concerned. The judge conducting the trial may well feel that a wife's story of the husband's adultery or cruelty or nonsupport or desertion is exaggerated or untrue when he finds the libelant continuing to live with the libelee in all respects as his wife. So, also, her cohabitation with him after the institution of the suit may amount to condonation and deprive her of any pre-existing right to a divorce. In so far as the right to live apart is concerned it seems to me to be immaterial

whether the suit be brought by the wife or brought by the husband. Like other rules, this one has its limitations. It does not apply, for example, when the suit for divorce is brought in bad faith. Upon reason it is obvious that such a proceeding ought not to render justifiable a separation otherwise not justifiable.

A few authorities may not be out of place. "Where one spouse in good faith brings proceedings for a divorce against the other, though in fact, as it may develop, there is no ground for divorce, it is the general rule that there can be no desertion by the one of the other pending the divorce proceedings as it is presumed that no return would be then permitted; and furthermore the complaining spouse by a return to matrimonial cohabitation might be held to have condoned the ground on which the proceeding for a divorce was based." 9 R. C. L. p. 360, Sec. 147.

"While the rule has not been applied to a willful desertion or a desertion without cause, ordinarily the voluntary separation of either party during the pendency of a divorce suit brought by or against such party is not to be included in computing the statutory period of desertion; but the action for divorce must have been begun in good faith." 19 C. J. p. 80, Sec. 179.

"The parties should live separate during a suit for divorce. While the suit is pending cohabitation would be highly improper, and therefore the time of such separation can form no part of the statutory period. Separation during suit is not wrongful, but is contemplated by the law which requires the husband to support the wife separately while the suit is going on. Cohabitation at such time would be evidence of collusion or condonation, and would, if unexplained, be fatal to the case. The filing of a petition for divorce on the ground of adultery is sufficient notice that plaintiff will refuse a cohabitation, which

would at once defeat the action. It is not only the right, but the duty, of the complainant to cease cohabitation. Such separation is not desertion, because the plaintiff, after the commission of the offense, has a right to separate from the other. The defendant does not desert, because such separation is caused by the plaintiff's suit for divorce." 1 Nelson on Divorce 144, 145.

"Of course parties to divorce proceedings should live separate during the pendency of the action, for while the suit is in progress cohabitation would be highly improper. Separation under such circumstances cannot be wrongful, but is contemplated by law, the husband being compelled to support his wife while the suit is taking its course. If separation of this character is not wrongful, a charge of desertion cannot be based upon it, and the period of separation which is proper—that is the legitimate, actual and direct result of the proceeding—cannot be reckoned as any portion of the year which, under our statute, must fully elapse and expire before an action for divorce on the ground of desertion can be commenced." *Hurning* v. *Hurning*, 80 Minn. 373, 377, 378.

"Some of the proceedings incident or belonging to divorce cases mark the sense of the law on the subject of cohabitation during the suit. Where the circumstances of the wife demand it, the court is authorized to require the husband, according to his ability, to support the wife separately while the suit is going on, and we can not suppose that this would be so, if the separation were deemed by the law to be wrongful.

"Then it is well settled, that collusion of the parties will be fatal to the suit, and uninterrupted cohabitation would usually be a sign of collusion, when it did not tend to show conjugal forgiveness, which, if shown in time and proper form, would be equally fatal to the case.

"But, apart from considerations of this description,

we are of opinion that it was eminently wise and proper for the parties to keep separate during the pendency of the former suit, and that it would have been wholly incompatible with any just conception of the nature of that suit, and an offense against social propriety, if not a sufficient and deserved answer to the application, for the wife to have voluntarily cohabited with her husband after having stated a case to establish its impropriety, and on which she asked the court to set its seal of approbation by a decree." *Porritt* v. *Porritt,* 18 Mich. 420, 425, 426.

"The general proposition appears to be indisputable that the separation of one spouse from the other, pending a suit between them for divorce, is justifiable, and is therefore not an obstinate desertion during that period. * * * But in all the cases which state the proposition in general terms, there is an assumption that the case which relieves from the duty of cohabitation, pending it, is one brought in good faith, in order to submit to the consideration of a court a condition of facts which the complainant really believes entitles her to the relief sought. In such a case it is of no significance whether the complainant succeeds or fails in the suit by which she presents her claim. Her separation, pending it, is not obstinate, for the reason that there is a justifiable cause for it, and that it is her right to have a judicial determination of what she believes to be real grievance, unembarrassed by presumptions adverse to her which would necessarily attend upon continued cohabitation with her husband." *Weigel* v. *Weigel,* 63 N. J. Eq. 677, 680, 681.

"As the law sanctions the parties living apart during the pendency of a *bona fide* nullity suit such separation cannot be said to be willful and obstinate although continued during that period. In fact the settled doctrine of the law requires that pending a suit for the dissolution of marriage and equally for nullity the parties should not

live together; and their living apart pending such proceedings *bona fide* does not constitute desertion within the meaning of the statute." *Barbour* v. *Barbour,* 94 N. J. Eq. 7, 8, 9.

*Wagner* v. *Wagner,* 39 Minn. 394, is a case, and there are others apparently to the same effect, holding that where the desertion commenced prior to the filing of the first suit for divorce and was in its commencement without just cause the separation of the parties during the pendency of the first suit was not justifiable. I am unable to accept either the reasoning or the conclusion of that case. It seems to me that the reasoning in support of the general rule above stated, that during the pendency of a suit for divorce the husband and the wife are justified in living separate and apart, should and does apply as well to a spouse who prior to the institution of the first suit was living apart from the other without just cause as to one who did not leave the other until the actual filing of the suit. The same considerations above recited apply in favor of the one as in favor of the other.

While there was no express finding to that effect the inference is that the trial judge found that the wife in the case at bar, in instituting the first suit, acted in good faith. No reason appears for this court to hold to the contrary. Regarding, then, the first suit as brought in good faith the wife was during its pendency entitled to live apart from her husband and her absence during that period cannot now be construed as desertion.

In my opinion the decree appealed from, dismissing the libel of the husband, should be affirmed.

*E. J. Botts* (also on the briefs) for libelant.

*J. C. Kelley* (also on the brief) for libelee.

CONCURRING OPINION OF BANKS, J.

I concur in the conclusion reached by the chief justice

and agree with the principles upon which that conclusion is based. I seriously doubt, however, whether the rule laid down in *Wagner* v. *Wagner* and other cases involving similar facts is in conflict with the rule announced in the cases cited by the chief justice in support of his opinion. If the facts in the instant case were the same as those in the *Wagner* case I should be inclined to think that the *Wagner* case, with which the chief justice disagrees, was correctly decided.

### DISSENTING OPINION OF PARSONS, J.

I respectfully dissent. The rule that "the time of the pendency of a prior divorce suit between the parties cannot be counted as a part of a period of desertion", although occasionally referred to as a "general rule", is not without its exceptions and limitations. One such exception has been recognized in the majority opinion. It is therein conceded that in order to avail the wife as a defense in the proceeding instituted by her husband, her own prior libel against him must have been brought in good faith. There is a reason why the application of the rule above quoted should be so limited; and the reason, as I interpret the authorities cited herein and in the majority opinion, is that the prior proceeding, in order to justify a separation, must have been its cause. Some of the authorities cited, but not followed, by the majority, and other authorities, still further restrict the application of the rule, the courts and text writers in such instances apparently applying as a test the reason above set forth. For instance, the majority's quotation from 19 C. J. 80, Sec. 179, begins with the recital that "the rule has not been applied to a willful desertion or a desertion without cause." In many instances courts have refused to apply the rule above named where the reason for its application does not exist. Thus in *Hitchcock* v. *Hitchcock*, 15 App.

D. C. 81, the institution of a suit by the husband, after the wife's wilful desertion, to have their marriage declared void, was held not sufficient to convert the desertion into justifiable separation from the time of the pendency of the suit. In *Wagner* v. *Wagner,* 39 Minn. 394, 40 N. W. 360, a period of desertion already begun was held not to be interrupted by a subsequent unsuccessful proceeding against the wife on the ground of adultery. Said the court in the case last cited, "In view of the evidence and the finding of the court, the reasons for her desertion and for her continued absence are to be deemed to have been foreign to those assigned by her as the causes of such actions." In the late case of *Douglas* v. *Douglas,* 4 S. W. (2nd) 358, the husband's suit for divorce on the ground of desertion was dismissed on the ground that the statutory period had not yet elapsed and a later suit was begun by the husband within two years (the statutory period) of the earlier decree. Held that the later proceeding was not brought prematurely; and further held that the period of desertion by the wife was not suspended by the pendency of another divorce suit brought by the wife against the husband on the grounds of cruelty and abandonment, which last named suit had been heard on its merits and adjudged against the wife. In *Easter* v. *Easter,* 75 N. H. 270, 73 Atl. 30, 139 A. S. R. 688, the court said: "The pendency of a libel for divorce is an evidentiary fact bearing upon the question whether the absence complained of is such an abandonment as the statute makes a cause for divorce, but it is not necessarily decisive of the question. One honestly prosecuting a supposedly sound suit for divorce cannot be found guilty of desertion while so engaged; and one charged with offenses which imply the consent of the other to a separation cannot be charged with desertion within the meaning of the statute for refraining from the matrimonial relation

both because the absence is justifiable and consented to. One who has caused a separation by a groundless suit cannot charge the other with desertion. But in this case the separation was not caused by the plaintiff's former suit, nor justified by the plaintiff's conduct, but resulted from the defendant's wrongful act prior to the commencement of that suit. The former application for divorce upon the ground of abandonment did not conclusively establish that the libelant consented to the separation, nor did the pendency of the application necessarily destroy the libelee's abandoning intent—the essence of the charge of desertion in the party offending." Quoting from 1 Bishop on Marriage and Divorce (6th Ed.) Sec. 802, p. 614: "It is believed * * * that desertion requires only the concurrence of two elements, namely, a cessation of the cohabitation and an intent to desert; and that when these two combine their effect is not taken away by any mere temporary excuse for an absence. If the excuse were permanent and perpetual, the case would, in reason, be different."

In the case at bar it is neither alleged nor proved that the wife's abandonment of or separation from her husband was due to the institution or pendency of her former suit. The former suit was brought upon the ground of the husband's alleged non-support of his wife. The decree therein was in favor of the husband. While non-support was one of the grounds alleged in libelee's cross-libel in the present case, it was early eliminated both as a defense and as a ground for affirmative relief by counsel's oral stipulation at the beginning of the trial that the question of non-support was *res judicata,* as above set forth. Evidently at the trial no importance was attached to the pendency of the former suit as a defense—if indeed it was considered a defense—for no evidence was then introduced, so far as the transcript discloses, showing when said suit was

begun or when it terminated. No advantage has been taken of this omission and the parties in their briefs and oral arguments have assumed that said two events occurred in 1926, on February 1 and June 24, respectively, approximately as found by the trial judge. But the fact thus informally brought into the record is nowhere claimed to be libelee's excuse for not living with her husband during the period above named and ample reason appears for holding that the pendency of the former suit and the ground upon which it was based were not the libelee's reasons for leaving her husband in the first instance or for remaining away from him thereafter. Even in her brief in this court, before arguing upon a hypothesis which she does not accept, the libelee says: "Libellant-appellant states in his opening brief herein that the only question of law presented is whether the statutory period of desertion had elapsed at the time this suit was filed. We submit that the undisputed facts herein do not even present that question for consideration."

In the circumstances above set forth I cannot concur in the view that the mere pendency of a prior suit as a matter of law delays the beginning of the running of the statutory desertion period until the time of the termination of the former suit. In the instant case the trial judge has found upon sufficient evidence that the libelee deserted the libelant January 8, 1926, and that ever since said last named date she has not lived with him and has refused persistently to live with him and that her said refusal has been wilful, without just cause and against the will and wish of libelant. Upon an examination of the evidence, this court has held that no reason appears for disturbing the findings of the trial judge. The time which elapsed from the 8th day of January, 1926, until the date of the filing of the libel in this case was eleven months and six days. In my opinion, the libelant has shown utter and

wilful desertion on the part of his wife during that entire time and for that reason I believe that the decree appealed from, insofar as it dismisses the libel, should be reversed and a decree entered for the libelant.