ROBERTS*. Chief Justice,
(concurring specially).
T agree that, under the particular facts of this case, the Chancellor was correct in-holding that the pendency of Mrs. Hartzog’s suit for separate maintenance under section 65.10, Florida Statutes, F.S.A., did not toll the running of the statutory desertion period.
While, ordinarily, the separation of the-parties during divorce (or, as in this case,, separate maintenance) litigation “is presumed to be justifiable and excusable, since as a matter of public policy the parties should not live together during divorce litigation”. Betts v. Betts, Fla., 63 So.2d 302, 305, it should be noted that the rulé-is a presumption, only; it is “an evidenti-ary fact, bearing upon the question whether the absence complained, of is such an abandonment as the statute makes a cause-for divorce, but it is not necessarily decisive of the question.” Betts v. Betts, supra, cited Easter v. Easter, 75 N.H. 270, 73 A. 30.
In the instant case, Mrs. Hartzog contended in her suit for separate maintenance that she was living apart from Mr. Hartzog because he locked her out of the house, i. e., “through his fault,” as provided by. section 65.10, supra. The Chancellor found that she had not sustained this allegation and dismissed her suit. The same issue was presented in the instant suit, and again her position was not sustained by the Chancellor. It is my opinion,, then, that the Chancellor was justified in finding, as a matter' of fact, that despite the pendency of her suit for separate maintenance, her absence from the marital domicile was “willful and obstinate” within the meaning of our statute, during the pend-ency of her suit.
It is my view, however, that the statement in the opinion by my brother Drew that “the time consumed in the litigation under section 65.10, F.S.A., could be included in. determining the period of desertion” should be limited to the particular facts here under consideration, since the fact of such litigation is, after all, merely evidence on the question of whether the abandonment is *759 “willful and obstinate”, as required by the desertion statute.
Thus, a wife may be living separate and apart from her husband because of misconduct on his part which would not be sufficient as a ground for divorce, but which would be sufficient to form the basis of a charge of constructive desertion against him, within the rule of Gordon v. Gordon, Fla., 59 So.2d 40, 46, that “The degree of severity of alleged misconduct or cruelty sufficient to justify a spouse in temporarily leaving the other need not be as strong in character as is necessary to justify the entry of a final decree of divorce.” If it is, in fact, found that a wife was justified in leaving the marital domicile- because of such misconduct on the part of the husband, then her absence therefrom is not necessarily converted into a “willful and obstinate” desertion merely because she files a suit for separate maintenance against •him under the provisions of section 65.10. Such a suit, is, again, but an. evidentiary fact on the question of the character of her abandonment of the marital domicile..
With the qualifications above noted, I concur in the opinion of Mr. Justice Drew.
HOBSON and DREW, JJ., concur.