## FRANK WAGNER *vs.* AMELIA WAGNER.

### November 16, 1888.

**Divorce—Desertion Pending Action for Divorce.—**If a wife, who has deserted her husband without just cause, thereafter so wrongfully conducts herself as to justify and induce her husband to sue for a divorce upon the ground of adultery, the pendency of such an action, although she be not in fact guilty, will not suspend the effect of her desertion; and, after the lapse of the statutory period, the husband may maintain an action for divorce for such desertion.

**Same.—**A desertion does not cease to be such by reason of the pendency of actions prosecuted for a divorce by the deserting party, if the continuance of the separation is for reasons foreign to those for which such actions are prosecuted.

**Same—Provisional Allowance for Support.—**A provisional allowance for the support of the deserting party, during the pendency of such actions, does not determine the question of desertion.

**Same—Discretion of Court.—**An application for a provisional allowance, in an action for divorce, is addressed to the discretion of the court.

**Trial, where One Party is in Contempt.—**A court may, in its discretion, allow a trial to proceed, although one of the parties may be in contempt for non-obedience of an order of court.

This action was brought in the district court for Hennepin county, and was tried by *Collins*, J., (acting for a judge of the 4th district.) Defendant appeals from an order refusing a new trial. Before the trial, the defendant moved that the prosecution of the action be stayed until the plaintiff should comply with an order of the same court, (made in another action for divorce pending between the same parties, mentioned in the opinion,) requiring him to pay the defendant counsel fees and temporary alimony, the court having already adjudged plaintiff to be in contempt for disobedience to such order. The motion was denied. At the opening of the trial the defendant, on the same grounds, objected to the trial being had. The objection was overruled, and defendant excepted

*C. H. Benton,* for appellant.

*Robinson & Baker,* for respondent.

DICKINSON, J.[1] This is an action for a divorce upon the grounds of desertion and adultery. The action was commenced in August, 1887. The court, finding in favor of the plaintiff upon the issue of desertion alone, ordered a judgment for a divorce. The defendant appeals from an order refusing a new trial. In June, 1884, the wife, having left her husband's home, commenced an action for divorce on the ground of cruel and inhuman treatment. Upon trial of that action the relief sought was denied. In February, 1885, the husband sued for divorce on the ground of adultery. After a trial, relief was refused in that action also. In June, 1885, the wife sued for a limited divorce, on the ground of the husband's conduct being such as to render cohabitation unsafe and improper. This relief was also denied, and the wife appealed to this court. A new trial was granted. (*Wagner* v. *Wagner,* 36 Minn. 239; 30 N. W. Rep. 766.) That action is still pending in the district court. During the pendency of these actions the court made allowances out of the property of the husband for the support of the wife, she living apart from him ever since June, 1884. The question is presented whether the finding by the court of wilful desertion, continued during the period of three years, was justified, in view of the commencement and pendency,

[1] Collins, J., having tried the case in the district court, took no part in this decision.

during a part of that time, of this plaintiff's action for divorce upon the alleged ground of adultery.

It may be accepted, as a general proposition, that the desertion which will afford a ground for divorce must have been, in legal contemplation, continuous for the period named in the statute. The separation of the deserting party must have been unjustifiable. It may also be conceded that, upon an action being brought against a wife for a divorce upon the ground of her alleged adultery, she being in fact not guilty of the offence, she would be justified in leaving, or, if absent, in remaining away from, her husband pending such an action; and in general, under such circumstances, the period of desertion would be interrupted. *Ford* v. *Ford*, 143 Mass. 577, (10 N. E. Rep. 474;) *Porritt* v. *Porritt*, 18 Mich. 420. But from the existence of such a state of facts such a result does not necessarily follow. If a defendant, resisting an action founded upon her alleged desertion, relies upon such an intervening event as suspending or interrupting the effect of the desertion, and if it appear that her own wrongful conduct naturally caused the event relied upon in defence, such a defence cannot avail her. An unjustifiable desertion continues to be desertion, in legal contemplation and effect, none the less although it be attended by such wrongful conduct on the part of the deserting party as would naturally forbid his being received again, while unreformed, to matrimonial cohabitation. If the law were otherwise, while a bare desertion would entitle the innocent party to a divorce, yet, if to the desertion were added such offences or conduct as would justify a refusal of cohabitation, the guilty party might avail himself of his own aggravated wrong in defence of such an action. The evidence in this case tended to show that for unjustifiable reasons the defendant deserted her husband, intending never to return, and that the same reasons actuated her in her continued separation. The case was such as to justify the conclusion that it was by reason of her own fault that she was accused of adultery in the action based upon that ground; and that, as respects the question of desertion, her continued absence should be referred to other causes than the pendency of the action for adultery. We think that the finding of continued wilful desertion was justified by the evidence, and by the law

applicable to it. Neither, for reasons already referred to, did the pendency of the actions brought by this defendant for a divorce, and for a separation, necessarily interrupt the running of the period which would entitle this plaintiff to a divorce for desertion. In view of the evidence and the finding of the court, the reasons for her desertion and for her continued absence are to be deemed to have been foreign to those assigned by her as the causes of such actions.

The provisional allowance for the support of the wife, made by the court during the progress of the several actions, did not determine the question of desertion. The merits of the action were not thus adjudicated. It was within the discretion of the court to allow the trial to proceed, although the plaintiff was in default in respect to the payment of a part of such allowance. Concerning the alleged error in excluding, when offered in evidence, the affidavit charging the defendant with the taking of the plaintiff's money, it is enough to say that the only fact to which this was properly relevant was afterwards shown by other evidence. The order refusing a new trial will be affirmed.

After the trial of this cause in the district court, a motion was made on the part of the defendant for an allowance for the expense of settling a case in that court, and of presenting a motion thereon for a new trial. This motion being refused, the defendant appealed from the order. An allowance had previously been made for the defendant's support, and for the expense of defending in the action. This application was addressed to the discretion of the court, and its refusal was justified. This order is therefore affirmed.