MARY R. HURNING v. ELMER S. HURNING.[1]

July 5, 1900.

Nos. 12,090—(152).

### Venue in Action for Divorce.

Under the provisions of G. S. 1894, § 4794, all actions for divorce must be commenced in the county in which the plaintiff resides. But such actions are to be tried, under the provisions of section 5185, in the county in which the defendant resided when the action was commenced, if the defendant serves and files the demand and affidavit prescribed in Laws 1895, c. 28, § 1, which is amendatory of G. S. 1894, § 5188.

### Same—Change of Venue.

Upon filing with the clerk of court the demand and affidavit, with due proof of service upon the plaintiff's attorney, such an action is in fact transferred to the county of defendant's residence.

### Separation of Parties Pending Action—Desertion.

Parties to divorce proceedings should live separately pending the litigation. Separation under such circumstances cannot be wrongful, and a charge of desertion cannot be based upon it. That part of the period of separation which is the legitimate, actual, and direct result of the proceedings in divorce cannot be reckoned as any portion of the year which, under our statute, must fully expire before an action for divorce on the ground of desertion can be commenced.

### When Separation of Parties Pending Action Terminates.

In an action in which a decree is denied, this period of proper and lawful separation does not end until judgment is entered in accordance with the conclusions of law, as filed by the court. Another action between the parties for divorce on the ground of desertion is prematurely brought if commenced prior to the entry of judgment.

Action for divorce in the district court for Fillmore county. The case was tried before Kingsley, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendant appealed. Reversed.

*Burt W. Eaton* and *L. L. Brown*, for appellant.
*Wells & Hopp* and *Chas. C. Willson*, for respondent.

[1] Reported in 83 N. W. 342.

COLLINS, J.

Action for a divorce by the wife against the husband, commenced March 4, 1899, in the district court of the county of Fillmore. The complaint alleged that the plaintiff was, and had been for more than one year then last past, a resident of the county of Fillmore; that the defendant was a resident of the county of Olmsted; and that the defendant wilfully deserted the plaintiff for the term of one year next before the filing of the complaint. Another ground for a divorce—cruel and inhuman treatment—was also alleged, but the allegations of the complaint in this respect are here immaterial, as no evidence in support of them was offered on the trial. The defendant, before the time for answering expired, made and served an affidavit as to his residence, and demanded that the place of trial of the action be changed to the county of Olmsted, the county of his residence, which was duly filed, but the clerk of the court declined to transfer the papers. The defendant answered, denying the charge of desertion, and, in response to the charge of cruelty, alleged the pendency at the commencement of this action, in the district court of the county of Olmsted, of a former action between the same parties for the same cause. This was denied by the reply.

The cause was noticed for trial in the district court of the county of Fillmore, and on the first day of the term the defendant appeared specially, and objected to a trial in that county, and moved to strike the cause from the calendar, for the reason that the place of trial had been changed to the county of Olmsted. The objection was overruled, and the motion denied. The cause was tried in the county of Fillmore, notwithstanding the objection and exception of the defendant. The court made its findings of fact and conclusions of law to the effect that the charge of desertion was true; that the plaintiff was entitled to a divorce, with $12,000 alimony, and a further allowance of $500 for attorney's fees. Judgment was so entered September 18, 1899, from which the defendant appealed.

We are not required to consider all of the assignments of error. Two seem to be important: First, was the place of trial changed from Fillmore to Olmsted county? and, second, was the finding as to desertion for one year immediately preceding the filing of the

complaint sustained by the evidence? The first is answered in the affirmative, and the second is answered in the negative.

1. By G. S. 1866, c. 62, § 10, it was prescribed that all actions for divorce should be commenced by summons and complaint in the county in which the plaintiff resided. No such provision existed as to other actions, and this indicates that for some special reason the legislative intent was to compel the bringing of this kind of action in the county of plaintiff's residence, and not elsewhere. We can readily see that this was a wise and salutary regulation. It compels a plaintiff to actually acquire residence in some certain county before instituting an action, and it prevents the selection of another county than the one in which plaintiff so resides, through improper motives,—for instance, to conceal the pendency of the proceeding or to facilitate the obtaining of a decree. There has never been any change in this section of our statutes in which is prescribed the county in which an action for divorce must be commenced. G. S. 1894, § 4794. But it does not necessarily follow that such actions must be tried in the county of plaintiff's residence.

At the time of the enactment of this 1866 statute, certain specified causes of action other than for divorce were to be tried in the county in which the subject of the action, or some part thereof, was situated, subject to the power of the court to change the place of trial as provided by statute. In all other cases actions were to be tried in the county in which the parties, or one of them, resided at the commencement thereof. G. S. 1866, c. 66, §§ 38–40. There was no special provision of law which required that actions be commenced in the county in which one of the parties resided, except in divorce actions, as before stated, so at that time, and until the year 1877, there was no lack of harmony in the statutes. An action for divorce was necessarily commenced in the county of plaintiff's residence, as required by section 10, c. 62, supra, and it was tried there, in accordance with the provisions of section 40, c. 66, supra. But in the year last mentioned section 40 was radically amended so that it read as we find it in G. S. 1894, § 5185. By this amendment it was provided that all actions, except those in which the state is plaintiff, or those otherwise excepted as previously specified, should be tried in the county in which the defendants, or any of them,

reside at the commencement of the action. This amendment was broad and emphatic. It changed the whole policy of the state as to place of trial of civil actions. It deprived the plaintiff of his previously existing statutory right to have his action tried in the county of his residence, subject to a change for good cause shown, and conferred this absolute right upon the defendant.

The change was so great and sweeping as to indicate to a majority of this court a clear intent as to the legislative policy, and that it was expressly intended to deprive the plaintiff of that which had been his statutory right, and to transfer it to the defendant, namely, the power to compel the trial of all actions, save those specially excepted, in the county in which the defendant resided. Actions for divorce were not excepted in terms, and, if at all, it must be because of the 1866 statute specifying the county in which they must be commenced. There is no good reason why such actions should be excluded from the operation of the law which governs generally. There are some excellent reasons why they should not be. One is that without such a construction of the statute the plaintiff in any divorce action may select the place of trial simply by obtaining a legal residence in any county of the state. He may choose the county, and compel defendant's attendance there. It is of no consequence that he has for years resided elsewhere in the state. Good public policy is opposed to promoting divorce cases, and courts should not, by construing statutes, aid the parties in obtaining decrees. We should not construe any legislative expression so as to encourage any person who is seeking a divorce to locate himself where his fancy dictates, or where his interests may be best subserved, and at his will compel the defendant to go into that county for the purposes of trial.

This case illustrates what may be done if our views as to the statute of 1877 are not correct. The parties had resided in Olmsted county for over nine years when the husband brought the action, and he still resides there. When the parties separated, the wife established her residence in Fillmore county, and therein brought her action. We do not question her good faith in locating in the latter county, but the opportunity for the exercise of highly improper motives would be easily afforded if the law sustains her.

But it may be urged that this is an irrational construction of the two provisions, one of which compels the commencement of the action in the county of plaintiff's residence, while the other confers the power upon the defendant, if he chooses to exercise it, to have his case tried in the county in which he resides. We think not. On the contrary, it is the only construction which reconciles and harmonizes the two separate sections. It renders them consistent. It must not be forgotten that for many years prior to the enactment of the law of 1877 there was perfect harmony on the subject, and that the conflict then arose out of the amendment therein made to the general provision as to the place of trial. With this construction we give effect to both provisions in divorce actions, and neither is nullified and disregarded. Under the provisions of Laws 1895, c. 28, § 1, which amended G. S. 1894, § 5188, the place of trial of this action was in fact transferred to the county of defendant's residence upon the filing with the clerk of court the affidavit and demand, with due proof of service upon plaintiff's attorneys. No further proceedings in the case should have been had in the district court for Fillmore county.

2. A majority are of the opinion that while the action for divorce commenced by the husband, and in which the wife filed a cross bill, was pending between the parties, the former was not guilty of desertion. We are also of the opinion that the action was pending until judgment was entered, March 8, 1899. The charge of adultery made by the husband was tried in June, 1897, the verdict being in favor of the wife. The charges contained in her cross bill—cruel and inhuman treatment—were tried in the following August. Both parties were denied divorce in September, when the district judge filed his findings of fact and conclusions of law. Either party could have then caused an entry of judgment, and thus have finally terminated the litigation. Motions were thereafter made by the parties, and on March 2, 1899, counsel for the wife served notice of motion to tax costs and disbursements, and caused judgment to be entered March 8, four days after the commencement of this action.

Of course, parties to divorce proceedings should live separate during the pendency of the action, for while the suit is in progress

cohabitation would be highly improper. Separation under such circumstances cannot be wrongful, but is contemplated by law, the husband being compelled to support his wife while the suit is taking its course. If separation of this character is not wrongful, a charge of desertion cannot be based upon it, and the period of separation which is proper—that is the legitimate, actual, and direct result of the proceeding—cannot be reckoned as any portion of the year which, under our statute, must fully elapse and expire before an action for divorce on the ground of desertion can be commenced. So the question is, when does the period of separation which is justifiable terminate? Was it, in this case, when the jury, by their verdict, declared the wife not guilty of the charge of adultery? Or was it at a subsequent time, when the court determined that the husband had not treated his wife cruelly or inhumanly, and refused to grant relief to either party in its conclusions of law? Or was it —following the general rule as to rights predicated upon litigation —when final judgment was entered in the original divorce action, and the litigation ended in a formal manner? We think that there was no actionable desertion by either party until the judgment was entered. This is a definite rule in such matters, and there is no other which will prove at all certain or stable. This action was prematurely brought; in other words, the defendant had not deserted the plaintiff for the required statutory period of one year when she instituted her action.

3. A motion for an allowance to plaintiff for attorney's fees in this court was submitted at the time of the argument. It is ordered that there be allowed to said plaintiff, and that defendant pay, the sum of $200 on account of attorney's fees.

Judgment reversed.

START, C. J. (dissenting).

I dissent. The first question is whether the place of trial was changed from Fillmore to Olmsted county by the making and filing of the affidavit as to the defendant's residence, and the demand for a change of the place of trial. Its solution depends upon the answer to be given to the question: Was the county designated in the complaint as the place of trial of the action the proper county,

within the meaning of G. S. 1894, § 5188, as amended by Laws 1895, c. 28, which is to the effect following: If the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant, before answering, demands in writing that the trial be had in the proper county, accompanied by an affidavit as to the actual residence of the defendant; but if such demand be made, and proof thereof be filed, the action is thereby transferred to the county where defendant resides. The court, however, may change the place of trial in any case when there is reason to believe that an impartial trial cannot be had in any county where the action is pending, or when the convenience of witnesses or the ends of justice would be promoted by the change, or upon the consent of the attorneys.

The place of trial of an action under our system of practice is never formally and in express terms designated in the complaint. The commencement of an action in the district court of a particular county, specifying that county in the complaint in the title of the cause, is the designation of the place of trial, within the meaning of the statute; or, in words more exact, the naming of the district court of a particular county in the title of the action at the top of the complaint is the designation of that county as the place of trial, precisely as the venue was laid under the common-law system of pleading by a statement at the top of the declaration indicating the county for trial. No other way of designating the place of trial in the complaint is known to our practice. Now, the plaintiff must state in his complaint the title of the cause, specifying the court and the county in which the action is brought. G. S. 1894, § 5231. In practice the court and county in which the action is brought are always stated together. The designation of the court in which the action is brought includes a specification of the county in which it is brought. Hence, if an action is brought in the district court of a county in which the law says it shall be brought, and the action is so entitled, the proper county for trial is thereby designated. No other county could be properly designated as the place of trial, for it would be absurd to specify in the title of an action that it was brought in the district court of a particular county, designat-

ing it, but that it was to be tried in another county, naming it, in case the defendant resided therein.

The question, then, in its last analysis, is this: Was this action brought in the county in which the law required it to be brought? It certainly was, for it is admitted by the pleadings that it was brought in the county of the plaintiff's residence. The statute is mandatory that an action for a divorce must be brought in the county where the plaintiff resides. Section 4794. Therefore, the proper county for trial was designated in the complaint in this action, and the defendant could not, under the provisions of section 5188, as amended, change the place of trial summarily and on his own motion by making and serving the affidavit and demand, for it is only when "the county designated for that purpose in the complaint is not the proper county," that the place of trial can be so changed.

In reaching this conclusion I have not overlooked section 5185, which provides that in all cases, except as otherwise provided, the action shall be tried in the county wherein the defendant resides. But it is otherwise provided by necessary implication as to an action for divorce, by the statute requiring the action to be brought in the county where the plaintiff resides. If this be not so, then the two statutes, read together, are in legal effect this: An action for a divorce shall be commenced in the county where the plaintiff resides, but it shall be tried in the county where the defendant resides; that is, the action shall not be tried in the county where it must be commenced in case the parties reside in different counties, and the defendant so elects. Any interpretation of the statutes leading to such an irrational conclusion must be rejected, especially so in view of the fact that no other county can be properly designated in the complaint as the county for trial save the one in which the action must be brought. The remedy for any supposed abuses of the statute as thus construed is by application to the court.

2. Is the finding that the defendant wilfully deserted the plaintiff for one year next before the commencement of this action sustained by the evidence? In my opinion it is. The defendant on May 4, 1897, commenced an action against the plaintiff for a divorce on the

ground of her adultery with a man in his employ, specifying in his complaint four separate offenses. Thereupon, and on May 10, she left her husband's house in the county of Olmsted, and went to her father's house in the county of Fillmore, where she has ever since resided. She answered in the first action, denying the charges of adultery, and also, by way of a cross bill, alleged cruel and inhuman treatment by her husband, and demanded a divorce with alimony. The issues as to her adultery were tried by a jury, and a verdict returned June 29, 1897, exonerating her from the charges. The issues of the cross bill were tried by the court, and on September 13, 1897, findings of fact were made in favor of the husband. As a conclusion of law the court found that the action should be dismissed as to both parties. Judgment, however, was not actually entered until March 8, 1899, or four days after this action was commenced; but, so far as the merits of the action were concerned, the litigation in fact ended with the filing of the findings of fact.

The evidence offered on the trial of the present action by the plaintiff to establish her charge of wilful desertion of her by the defendant was to the effect following: That on the trial of the first action he publicly and falsely on the witness stand charged her, of his own personal knowledge, with having committed adultery; that the charge and his testimony were false, and so found to be by the jury; that after she was thus vindicated by the jury he made no amends for his treatment of her, retracted none of the charges of adultery against her, sought no reconciliation with her, nor contributed anything to her support. The majority opinion holds, in effect, that the desertion of the plaintiff, if any, did not and could not commence until the first action was ended by the entry of the formal judgment, because it was the right and duty of the plaintiff to live separate and apart from the defendant pending the action. When his wife had been vindicated, and the litigation in fact ended, was the time when the defendant ought to have made amends for his conduct if he desired her to return, so as to make it possible for her to return to his home without submitting to the abject ignominy and degradation of living with a husband who had falsely and publicly testified on oath, as of his own personal knowledge, that she was an adulteress, and who by his silence persisted in the

charge. His failure to so do would seem to justify the finding of the trial court to the effect that it was the defendant's continued misconduct which forced the plaintiff from the matrimonial home and prevented her return to it. This constitutes desertion of her by him. Such desertion dates, in my judgment, from a reasonable time after the practical ending of the litigation in the first action, and the vindication of his wife, which was, in any event, more than one year next before the commencement of this action.

LEWIS, J.

I concur with the CHIEF JUSTICE upon both propositions.

1. As I understand the views of the majority, their position may be stated as follows: Prior to 1877, when G. S. 1894, § 5185, went into effect, an action in divorce could only be commenced in the county wherein the plaintiff resided, and could not be changed except for cause under section 5188, but that this right of the plaintiff to have the action tried where commenced, unless changed for cause, was swept away by the amendment of 1877, the defendant succeeded to this right, and the plaintiff must then show cause for removal under section 5188, or submit to trial in defendant's county. If this be the effect of the amendment of 1877, where was the provision which enabled the defendant to remove the action, except for cause, prior to the passage of Laws 1895, c. 28? If the amendment of 1877 made this change, the defendant could take no advantage of it for eighteen years. Is it true that such power was dormant until life was put into it by chapter 28? If it had been the intention of the legislature to so change the effect of G. S. 1894, § 4794, by the amendment of 1877, provision would have been made at that time to enable the defendant to take advantage of it. There being none, it follows that the amendment of 1877 was not enacted with reference to divorce actions. And that part of Laws 1895, c. 28, which enables the defendant to change the place of trial on demand has no reference to divorce actions, because such actions are commenced in the proper county, as stated by the CHIEF JUSTICE.

2. The entry of judgment is a mere ministerial act, and, so far as relates to the cause of separation, is no more a final termination of

the merits of the case than the trial and decision of the court. A judgment may be opened or vacated, or the entry of a judgment may be neglected or abandoned. The mere entry of judgment is not such an act as naturally or rationally establishes a fixed rule, as stated, in all divorce cases. Such a rule seems to be purely arbitrary. The essential point is that the period of desertion should not commence to run from a time when the parties are separated on account of a pending action between them. The entry of judgment does not necessarily determine that period, and, as pointed out in the dissenting opinion, the evidence in this case unquestionably supports the finding to the effect that the former action had ceased to be a cause of separation at the time the decision was filed, September 13, 1897.