## LYDIA TOLZMAN v. MAX TOLZMAN.[1]

### July 16, 1915.

### Nos. 19,315—(193).

**Divorce — issue of wilful desertion — evidence.**

Plaintiff brought this action for a limited divorce on the ground of desertion and failure to furnish support. On the trial, more than two years after the action was commenced, defendant was permitted to amend his answer by alleging wilful desertion of him by plaintiff for the statutory time, and asking an absolute divorce. It is *held:*

(1) Plaintiff consented to the amendment, and the issue raised thereby was tried by consent.

(2) The evidence sustains the finding that plaintiff was guilty of wilful desertion continuing for the statutory period. It was not error to reckon as part of this period the time during which this action for a limited divorce was pending. Hurning v. Hurning, 80 Minn. 373, distinguished.

Action for a limited divorce in the district court for Waseca county. The case was tried before Childress, J., who when plaintiff rested denied defendant's motion to dismiss the action, and made findings and ordered judgment for an absolute divorce in favor of defendant. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Samuel B. Wilson* and *Fred W. Senn,* for appellant.

*Moonan & Moonan,* for respondent.

BUNN, J.

Plaintiff and defendant were married in July, 1912. This action was commenced by plaintiff in December of the same year for a limited divorce under R. L. 1905, § 3598,[2] the complaint alleging desertion and refusal to provide support, and asking judgment for a separation from bed and board, and for "suitable and proper alimony." Defendant answered denying the allegations of desertion

[1] Reported in 153 N. W. 745.            [2] [G. S. 1913, § 7135.]

and failure to support, alleging that plaintiff without cause deserted defendant, and asking the dismissal of the action. The complaint asked for temporary alimony and suit money, and in January, 1913, an order was made granting her $35 for "suit money" and denying temporary alimony. The case did not come on for trial until January, 1914. Defendant then moved to amend his answer by alleging that plaintiff wilfully deserted him in September, 1912, and asking that he be granted an absolute divorce. This amendment was allowed by the court, and the case proceeded to trial. The result was a decision that plaintiff wilfully deserted defendant in September, 1912, and has remained separate and apart from him ever since. Defendant was found entitled to an absolute divorce, and plaintiff to recover from him the sum of $250 as "temporary and permanent alimony and as suit money." A motion for a new trial was denied, and plaintiff appeals from the order.

Plaintiff assigns two grounds for a reversal of the order appealed from: (1) That the trial court erred in permitting defendant to amend his answer so as to ask for an absolute divorce; (2) that the decision is not justified by the evidence.

1. We dispose of the claim that the court abused its discretion in permitting the amendment to the answer by saying that the record discloses that plaintiff, while objecting at first, finally in effect consented to this amendment upon its being understood that the court would in its final decision "cover the matter of temporary alimony." The issue raised by the amended answer was tried by consent.

2. Passing the point made on the insufficiency of the second assignment of error in not challenging any specific finding of the trial court, we think that the evidence, though conflicting, is sufficient to sustain the finding that plaintiff was guilty of wilful desertion, unless it must be held that the time during which this action for a separation was pending is not to be reckoned as any portion of the time which, under our statute, must expire before an action for divorce on the ground of desertion can be commenced. The desertion period began September 26, 1912. This action for a limited divorce alleging desertion by defendant on that date, abandonment and non-

support, was instituted in December of the same year. It was clearly pending during all the time thereafter which defendant relies on for making up the balance of the desertion period. If this time is not to be reckoned, it is manifest that there was no desertion for the statutory period. Plaintiff relies on the case of Hurning v. Hurning, 80 Minn. 373, 83 N. W. 342. That was an action for divorce brought by the wife on the ground of desertion. A prior action for a divorce on the ground of adultery had been brought by the husband, and a cross-bill alleging cruel and inhuman treatment interposed. This action resulted in the denial of a divorce to either party. It was held that parties to divorce proceedings should live separate during the pendency of the action, that separation under such circumstances cannot be wrongful, and the time during which the former action was pending cannot be reckoned as any portion of the year which must elapse before an action for divorce on the ground of desertion can be commenced. It is rather remarkable that no mention is made in the Hurning case of the decision in Wagner v. Wagner, 39 Minn. 394, 40 N. W. 360, especially as that case was tried in the court below by the judge who thereafter, as a justice of this court, wrote the majority opinion in the Hurning case. The two cases, while apparently inconsistent, are fairly distinguishable. The Hurning case undoubtedly states the law correctly, but we think that the principle it announces is not applicable to the facts in the case at bar. In this case the desertion by plaintiff began before she started her action for a separation. Her continued living apart from her husband is not fairly referable to the fact that this action was pending. There would have been nothing improper in plaintiff returning to defendant in spite of the pendency of her action, which the court found had no merit. The commencement of this action by her after she had deserted defendant in no way excuses or gives an innocent character to her continued desertion. The present case is fairly distinguishable from the Hurning case, and comes within the reasoning of the opinion in the Wagner case. We have, too, the consent by plaintiff to the amendment charging her with desertion, and the litigation of the issue by consent. Our con-

clusion is that it was not error to reckon as part of the statutory period necessary to constitute desertion the time during which the action was pending. Kusel v. Kusel, 147 Cal. 52, 81 Pac. 297; Hitchcock v. Hitchcock, 15 App. Cas. (D. C.) 81.

Order affirmed.