# JEANNETTE D. HOOGESTEGER v. JOSEPHINE WARD.[1]

July 1, 1932.

No. 28,917.

*F. M. Ridgway* and *George C. Stiles,* for appellant.

*Daggett & Redlund,* amici curiae, filed a brief in support of the contention of respondent.

WILSON, C. J.

Defendant appealed from a judgment granting her husband a divorce.

The divorce was granted upon two grounds, viz. desertion and cruel treatment. The summons and complaint were personally served upon the defendant on January 10, 1931, but she did not appear in the action until after the husband's death, which was a few days after the entry of judgment.

The claim now is that the complaint does not state facts sufficient to constitute a cause of action and hence the court did not acquire jurisdiction; and further that the evidence fails to prove the cause of action for desertion or the cause of action for cruel treatment.

The complaint alleges the usual preliminary matter, and then as to desertion paragraph four reads:

[1]Reported in 243 N. W. 716.

"Plaintiff further alleges that without cause or provocation, the defendant, in the month of January, 1925, did desert this plaintiff, and said wilful desertion has existed for more than one year prior to the commencement of this action."

The court found that defendant was guilty of wilful and continuous desertion "ever since January, 1925, and said wilful desertion has existed for more than one year prior to the commencement of this action." Obviously the court was convinced and found that the defendant was guilty of wilful desertion for one year next preceding the commencement of the action. The evidence supports the finding.

Our problem, however, is to construe the complaint, to determine whether or not it states a cause of action within the language of our statute, G. S. 1923 (2 Mason, 1927) § 8585(5), which specifies one of our grounds for a divorce to be "wilful desertion for one year next preceding the commencement of the action." The claim is that the complaint is defective because the words "prior to" are used instead of "next preceding" in relation to the time of the desertion. We must construe the complaint as if it were before us on demurrer. It is the practice of this court to be liberal in the construction of pleadings. We no longer test pleadings by technical niceties, but consider them more from a practical standpoint. Doubtful questions in a pleading must be construed in favor of their sufficiency. Where a pleading enables the opposite party in the court to understand what is intended, its purpose is accomplished. A pleading is to be construed in the light of the facts alleged. 5 Dunnell, Minn. Dig. (2 ed.) § 7719. We are of the opinion that the allegation of the complaint is so general and broad as to include the year "next preceding" the commencement of the action. It embraces the statutory requirement and permits proof thereof. It follows that it contains allegations of the jurisdictional facts and that it states a cause of action for divorce on the ground of desertion.

The claim that the evidence is insufficient to prove the cause of action for desertion rests upon the fact that the evidence inciden-

tally disclosed that defendant instituted a suit for divorce. This may have been proved for the purpose of characterizing defendant's conduct toward plaintiff. Perhaps it was shown for the purpose of arguing that the disposition of this case indicated that it was without merit. Just when the action was commenced we do not know. It was later abandoned and dismissed. Just when, the record does not disclose. The record is vague and indefinite. The claim now is that the evidence is insufficient because defendant was justifiably absent from plaintiff during the time that her action was pending; and, since the record does not disclose the date when such action was commenced and when dismissed, it may be that the desertion did not exist for the one-year period next preceding the commencement of the action.

In Wagner v. Wagner, 39 Minn. 394, 40 N. W. 360, it was held that a desertion does not cease to be such by reason of the pendency of an action prosecuted for a divorce by the deserting party if the continuance of the separation is for reasons foreign to those for which such action is prosecuted.

In Hurning v. Hurning, 80 Minn. 373, 83 N. W. 342, it was held that that part of the period of separation which is the legitimate, actual, and direct result of a pending divorce action cannot be reckoned as any portion of the statutory one-year period. That is because it is the duty of parties to a divorce action to live separately during the pendency of such action.

In Tolzman v. Tolzman, 130 Minn. 342, 153 N. W. 745, Mrs. Tolzman was found guilty of desertion including a period of time when she had a suit pending for limited divorce. This was apparently upon the theory that her continued living apart from her husband was not fairly referable to the fact that her action was pending. It was said that the commencement of her action after she had deserted her husband in no way excused or gave innocent character to her continued desertion. So in this case there is nothing to indicate that defendant's absence from plaintiff was in any way fairly referable to her action for divorce. Indeed, the abandonment and dismissal of her action by her would indicate that the action was without merit.

That separation is due to propriety or duty under a pending divorce action is an affirmative defense. As indicated, it may be referable to something other than the divorce action. The burden of proving such affirmative defense is upon the defendant. She has not met this burden. She did not answer and interpose such defense. She is now unable to point to any evidence in the case affirmatively establishing such defense. The record is not such as to compel a finding that defendant's divorce action was the cause of her absence from her husband, nor does it require a finding that such action was pending during any portion of the year next preceding the commencement of this action. She was away from January, 1925, to the time when this action was commenced, January 10, 1930, and of course at all times thereafter.

We are of the opinion that the evidence is sufficient to establish the said cause of action.

We need not consider the attack upon the sufficiency of the complaint and the proof relative to the cause of action based on cruel treatment.

Affirmed.