LIMBERG, Respondent, v. LIMBERG, Appellant.*

*October 8—November 5, 1958.*

* Motion for rehearing denied, with $25 costs, on January 6, 1959.

For the appellant there was a brief by *Brennan, Brennan & Brennan* of Milwaukee, and oral argument by *Joseph K. Brennan*.

For the respondent there was a brief by *Gruhle & Fessler,* attorneys, and *Henry A. Detling* of counsel, all of Sheboygan, and oral argument by *Jacob A. Fessler*.

BROADFOOT, J. At the beginning of the trial both the plaintiff and her physician testified that plaintiff was pregnant and that she expected her child to be born in April, 1957. The child, named Brian John Limberg, was born on April 20, 1957. When plaintiff's pregnancy was testified to, defendant's attorneys stated they were going to contest the paternity of the child. Counsel representing the defendant on this appeal did not represent him at the trial.

The defendant first contends upon the appeal that the judgment entered herein was invalid because the court, following the statement by defendant's counsel, failed to appoint a guardian *ad litem* pursuant to the provisions of sec. 328.39 (1) (a), Stats., or to adjourn the trial until after the child was born. That section of the 1955 statutes read as follows:

"Whenever it is established in an action or proceeding that a child was born to a woman while she was the lawful wife of a specified man, any party asserting the illegitimacy of the child in such action or proceeding shall have the burden of proving beyond all reasonable doubt that the husband was

not the father of the child. In all such actions or proceedings the husband and the wife are competent to testify as witnesses to the facts. The court or judge shall in such cases order the child made a party and shall appoint a guardian *ad litem* to appear for and represent the child whose paternity is questioned."

No request was made by the defendant to adjourn the trial or to have a guardian *ad litem* appointed. The defendant made no move to amend his pleadings to allege that he was asserting the illegitimacy of the child yet to be born. Something more than the statement by the defendant's counsel was necessary to invoke the provisions of the statute. There was testimony by both of the parties that they had sexual relations well within the period of gestation. The statute only applies in cases where a child has been born and where proper assertion of illegitimacy has been advanced. Under all of the circumstances there was no error on the part of the trial court and the contention of the defendant is without merit.

On July 17, 1957, based on an affidavit by the defendant, the court ordered the plaintiff to show cause on July 19, 1957, why a blood test should not be ordered for the plaintiff, defendant, and Brian John Limberg, under the provisions of sec. 325.23, Stats. Under that section of the statutes of 1955 the statute read that the court *may* direct such blood tests to be made and that the results thereof were receivable in evidence in cases where definite exclusion is established. That statute was considered in *Prochnow v. Prochnow,* 274 Wis. 491, 80 N. W. (2d) 278, and it was there held that the statute did no more than to admit the results of the test, which were to be given such weight and credibility in competition with other evidence as the trier of the fact thought they deserved. The statute was changed by ch. 180, Laws of 1957, effective in June, 1957, to provide that in a civil action to determine the parentage of a child the court, by order, *shall* direct any party to the action and any person

involved in the controversy to submit to one or more blood tests and that the results of such test shall constitute conclusive evidence where exclusion is established. On August 9, 1957, the court appointed a reputable attorney of Sheboygan as guardian *ad litem* for Brian and the matter was set for hearing on September 12, 1957.

The notice of appeal, dated September 27, 1957, was served on the plaintiff and on the clerk of the municipal court before there was a ruling on the order to show cause. The record does disclose that early in the trial the defendant requested that the plaintiff be examined by a physician chosen by him. The plaintiff consented and went to Milwaukee for such examination, but no report by the doctor was introduced nor any mention thereof thereafter made by the defendant.

After the plaintiff had concluded presenting testimony in her behalf her attorney moved to amend the pleadings to conform to the testimony in the following respects:

"That the defendant is possessed of an exceedingly jealous disposition, falsely accusing the plaintiff of associating with other men.

"That the defendant without just cause or provocation accuses the plaintiff of acts of infidelity, and although the plaintiff at the time of the issuance of this amendment is pregnant with child, the defendant unjustly denies such paternity.

"That the defendant without just cause or provocation accuses the plaintiff of overindulgence in intoxicating beverages to the state of inebriation on numerous occasions during the married life of the parties, greatly humiliating the plaintiff.

"That the defendant has publicly and without just provocation questioned the mental condition of the plaintiff and to her relatives and family has requested or suggested her institutionalization for mental incompetency to her great humiliation and embarrassment.

"That the acts on the part of the defendant have caused the plaintiff to become exceedingly nervous and upset, has

caused a deterioration of her health necessitating her to seek medical attention."

The defendant objected to each of the amendments on the basis of surprise and on the basis that they do not conform to the testimony. The trial court permitted the amendment of the complaint.

At the close of the testimony the defendant asked leave to amend his answer by denying each of the allegations quoted above that were permitted as amendments to the complaint. The defendant further moved to amend his counterclaim by adding an allegation that the plaintiff for some years prior to the commencement of the action has been in the habit of frequenting taverns and imbibing undue amounts of alcoholic beverages to such an extent as to render her intoxicated on numerous occasions and on other occasions under the influence of alcoholic beverages. The trial court permitted the amendments to the answer and counterclaim and permitted the plaintiff to enter a general denial to the added allegation in the counterclaim.

The defendant now contends that the husband's denial of paternity cannot be used as a ground for divorce against him. As to the particular amendment complained of, the trial court reserved its ruling thereon. Later, on the authority of *White v. White,* 167 Wis. 615, 168 N. W. 704, and *Heinemann v. Heinemann,* 202 Wis. 639, 233 N. W. 552, it permitted that amendment to be made. The following quotation is from the *White Case, supra* (p. 622):

"In divorce actions, in which the state has such a substantial, well-recognized interest, a court is not confined in its disposition of them to the facts as they existed at the time of the commencement of the action merely, but it may take cognizance, under proper pleadings, of what is done by either or both parties thereto during the time it is pending before it."

The above was cited with approval in *Jermain v. Jermain*, 243 Wis. 508, 11 N. W. (2d) 163.

The same provisions with respect to the amendment of pleadings apply in divorce actions as in other actions. Whether or not to permit an amendment to pleadings is largely within the discretion of the trial court and considerable liberality is permitted. The subject of each amendment, most of which are not complained of, was injected into the case by the defendant himself. He could hardly claim surprise. They conform to proof adduced by the defendant and the amendments were properly allowed.

Finally, the defendant contends that the plaintiff did not allege and prove by credible evidence sufficient facts to obtain a divorce on the grounds of cruel and inhuman treatment. The trial court filed a long memorandum decision. It was a carefully drafted and well-considered document which reviewed the evidence. The allegations of the complaint were not challenged by demurrer or motion to make more definite and certain. Although the allegations were stated in broad language, the complaint did state a cause of action. The findings by the trial court are supported by testimony that it held to be credible. Certainly the findings of the trial court are not against the great weight and clear preponderance of the evidence.

The defendant again attacks the amendment as to the accusations of infidelity and paternity of the child and the corresponding finding in the same language as the amendment. Even though the amendment and finding were improper, and we do not so decide, this is but one of several findings as to cruel and inhuman treatment on the part of the defendant and the remainder of the findings, based on credible evidence, support the judgment of divorce. Under those circumstances the defendant could not show prejudice even though it is assumed for the purpose of the argument

that the finding, standing alone, would not support a judgment of divorce.

The plaintiff asked for a review of portions of the judgment, all of which dealt with the division of property, alimony, and allowance of attorneys' fees. We are of the opinion that the trial court acted well within its discretion in these matters, and the motion for review is denied.

The plaintiff also filed what she called a "conditional notice of review." This asked for a review of an order of the municipal court entered January 2, 1958, allowing the plaintiff $250 to apply on attorneys' fees and expenses in appearing in the appeal to this court. That order was entered after the judgment was appealed from and cannot be properly considered on a review of the judgment. The only way to bring up the matter of that order is by an appeal therefrom.

*By the Court.*—Judgment affirmed. Motions for review denied.

MARTIN, C. J., and BROWN, J., took no part.