## GOTTHARD M. BARK v. RUTH BARK.

102 N. W. (2d) 526.

April 22, 1960—No. 37,923.

*Henry Levine,* for appellant.
*Henry H. Bank* and *Mitchel I. Kirshbaum,* for respondent.

MURPHY, JUSTICE.

After a decree of divorce on the grounds of desertion was granted to plaintiff husband by the district court, defendant wife appealed from a denial of her motion for a new trial contending that the record does not support the finding of the trial court that she was guilty of constructive desertion.

The parties were married in 1938. They separated twice prior to 1943 for periods of 1 or 2 months. On February 14, 1940, the husband brought a divorce action against the wife, but that action was abandoned

or dismissed. Prior to the commencement of the present action one or two other proceedings were started and later abandoned. The last of these was dismissed in December 1957. The present action was commenced on January 11, 1958, and resulted in a finding that the wife's conduct compelled the husband to leave their home and was tantamount to desertion on her part.

The parties have lived apart since 1943. It is the wife's contention that the husband has never attempted reconciliation and that in any event, contrary to the finding of the trial court, the evidence shows that it was the husband who left the home and is guilty of deserting the wife.

■ While the question of constructive desertion has not heretofore been considered by this court, the rule generally followed and the one we adopt is that where one spouse intentionally brings the cohabitation to an end by misconduct which renders the continuation of the marital relations so intolerable that the other spouse is forced to leave the family home, the former and not the latter is the deserter and the latter may obtain a divorce on that ground. 27A C. J. S., Divorce, § 36(3)a; 17 Am. Jur., Divorce and Separation, § 107; Annotation, 19 A. L. R. (2d) 1428.

There was evidence from which the court could find that the wife began a course of conduct, shortly after the marriage, which subjected the husband to intolerable indignities. In 1943 he was ordered by the wife to leave the home. She addressed him in vulgar and violent language. There was evidence that he twice returned to his home where the wife continued to live and that he was ordered to leave on both occasions. He was once threatened by the wife with a loaded shotgun, and on another occasion he was struck over the head with a milk bottle. The record indicates a deep and settled dislike between the parties, and there was evidence from which the court could find that the attitude of the wife rendered the husband's life burdensome and his condition unbearable.

■ The wife also asserts that the husband failed to establish "Wilful desertion for one year next preceding the commencement of the action." M. S. A. 518.06(5). In support of this argument she points out that a

separate action for divorce brought in 1946 was pending until 1 month before the present action was commenced. She relies on Hurning v. Hurning, 80 Minn. 373, 83 N. W. 342, where it was pointed out that separation which is the direct result of a pending divorce action cannot be reckoned as any portion of the statutory 1-year period. We must dispose of this objection by noting that it applies only to a separation which is actually the direct result of the pending divorce action. The 1-year separation requirement can be satisfied, even though a divorce action is pending during that time, if the separation is referable to other causes than the pendency of the action. Tolzman v. Tolzman, 130 Minn. 342, 153 N. W. 745; Wagner v. Wagner, 39 Minn. 394, 40 N. W. 360; Hoogesteger v. Ward, 186 Minn. 419, 243 N. W. 716. The separation in this case occurred long before the 1946 action was commenced and is clearly referable to other causes.

We do not believe that the other points raised in the defendant's brief are of sufficient substance to require discussion.

Affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.