## OSWALD P. LEMKE v. EDNA MATHILDA LEMKE.

108 N. W. (2d) 344.

March 24, 1961—No. 38,177.

*Dosland & Dosland,* for appellant.
*Jenson, Irvine & Ramstad,* for respondent.

NELSON, JUSTICE.

Plaintiff appeals from a decree whereby the district court dismissed his action for divorce with prejudice after having denied his motion for amended findings.

In the fall of 1953, defendant, Edna Mathilda Lemke, answered an advertisement placed by plaintiff, Oswald P. Lemke, stating that he was seeking a housekeeper on his farm where he and his son, then single, were living together. She accepted the employment and on August 30, 1954, plaintiff and defendant were married. The son was called to military duty and spent some time in the armed forces of the United States.

In January 1955 defendant became ill and was later committed to the State Hospital at Fergus Falls on petition of plaintiff. After a period of treatment she returned to their farm home. Later she decided to go to St. Paul to work. After being gone about 6 weeks, she again returned to the home and their marital relations continued. In December 1956 plaintiff petitioned to have defendant committed again but the court found no reason to order commitment.

From January 1958 to March 14, 1958, plaintiff was hospitalized for treatment of cancer. During convalescence, he occasionally returned home for the weekend. Defendant objected to living with anyone else in the house during plaintiff's absence and she herself took care of the work on the farm during that time.

In February 1958 the plaintiff, his son, and prospective daughter-in-law went to the farm for the weekend with the defendant. Before then plaintiff and his son had agreed that the son and his prospective bride were coming to live on the farm with plaintiff and defendant and that the son would run the farm.

Defendant had asked the plaintiff continuously about whether or not the son and prospective daughter-in-law were coming to live in their household and to run the farm. They had a disagreement over this matter whereupon plaintiff announced that he would permit his son and daughter-in-law to move in with them regardless of what defendant might say about it. Defendant objected to the plans and insisted on living alone with her husband. Plaintiff, however, would not alter his position nor discuss the matter, and his wife moved out on March 28, 1958, after overhearing plaintiff tell another person that his son was going to operate the farm. The son moved in with the father in April. He was married in June, and both he and plaintiff's daughter-in-law lived with the father continuously at the farm home from June 30, 1958, to the time of trial. Defendant wrote plaintiff in August 1958 of her love for him and that she would come home if his son and daughter-in-law would move out. The defendant wife still professes love for plaintiff and a desire to live with him if they can live together as husband and wife, but alone in their own home.

Plaintiff brought this action for divorce in May 1959 on the grounds

of desertion. The trial court found the defendant entitled to judgment that plaintiff's action be dismissed with prejudice and that she recover $250 attorney's fees and her costs and disbursements. Since defendant sought no separate maintenance none was granted.

Plaintiff makes the following assignment of errors:

"1. That the * * * finding of fact reading as follows, 'and she kept him advised of her whereabouts and of her willingness and desire to return' is not sustained by the evidence.

"2. That the * * * finding of fact reading as follows, 'Her leaving of the farm home was for a temporary duration, for justifiable cause, induced by plaintiff's constructive desertion,' is not sustained by the evidence.

"3. That the Court erred in failing to find that defendant's leaving of the farm home was not for any justifiable cause and constituted desertion and that such desertion has existed for more than one year prior to the bringing of the complaint in this action.

"4. That the Court erred in its conclusion of law, 'That defendant is entitled to judgment that plaintiff's action be dismissed with prejudice.'

"5. That the Court erred in failing to conclude that the plaintiff was entitled to judgment of divorce from the defendant.

"6. That the judgment and decree is not sustained by the evidence."

■ Minn. St. 518.06 provides that a divorce from the bonds of matrimony may be adjudged by the district court for "[w]ilful desertion for one year next preceding the commencement of the action."

The issue before the trial court in the instant case was whether there had been a willful desertion. Plaintiff relies on Stocking v. Stocking, 76 Minn. 292, 79 N. W. 172, 668, as controlling. He also cites Baier v. Baier, 91 Minn. 165, 97 N. W. 671, and Hoffmann v. Hoffmann, 174 Minn. 159, 218 N. W. 559, as cases following the doctrine of Stocking v. Stocking, *supra*, which he contends first laid down the rule relative to desertion in this state.

Both parties in their briefs rely upon the following language in the Stocking case (76 Minn. 295, 79 N. W. 173):

"On principle, and what seems to be the weight of authority, we hold that the misconduct of one of the parties to the contract of marriage, which will so far justify the injured party in leaving that the separation will not constitute wilful desertion, need not necessarily be such as to entitle the injured party to a divorce. *It is sufficient if the party withdrawing from the cohabitation has reasonable grounds for believing, and does honestly believe, that, by reason of the actual misconduct of the other, it cannot be longer continued with health, safety, or self-respect.*" (Italics supplied.)

Defendant agrees also with the correctness of the holdings in Baier v. Baier, *supra,* and Hoffmann v. Hoffmann, *supra,* which follow the doctrine of the Stocking case.

Defendant contends that even though she is a second wife she is, nevertheless, the plaintiff's wife; that the plaintiff never had any proper concern for the mental health or the self-respect of his wife; that she was entitled to the right to maintain her self-respect and not to be subjected to sharing her home with another woman. Defendant contends that the proposal to have two or more people, one of them a young housewife, move into the home of the parties and plaintiff's refusal to discuss the matter with her were serious misconduct on his part, contending that plaintiff, his son, and daughter-in-law failed sufficiently to dignify defendant's position as a wife and to recognize that as his wife and not merely his housekeeper, she was entitled to be consulted in matters that would vitally affect their marital happiness.

Defendant in her answer specifically denied that she deserted the plaintiff on April 1, 1958, and alleged that she left plaintiff with definite cause and provocation; that plaintiff and defendant mutually agreed at the time that she should leave temporarily; that she has since offered to return to the home of the plaintiff but he has continually refused to allow her to return; and that she desires to return to the plaintiff's home and to continue to live with him as his wife. She did not file a cross-complaint nor sue for a divorce on the ground that the plaintiff had deserted her. Whether she could have obtained a divorce on the ground of desertion by the plaintiff is therefore not at issue under the pleadings.

■ The record is clear that whatever decision was made by the father and the son and his wife has been carried out. True, the defendant had once been committed to an institution due to mental illness and the plaintiff has tried to have her committed a second time, when she was examined and found not mentally ill. But apparently she was not accorded the dignity of having any part in making any decision as to who was to live with them in the home to which she had become entitled by her marriage to plaintiff. We think Taylor v. Taylor, 177 Minn. 428, 225 N. W. 287, sheds light on the question whether defendant had the right when she married to anticipate an independent home. This court said in that case (177 Minn. 431, 225 N. W. 288):

"The claim is that her refusal to come to Minnesota at plaintiff's solicitation constitutes a wilful desertion giving grounds for divorce. The husband has the right to fix the domicile of the family. But there are circumstances in which the wife is justified in making a qualified refusal to acquiesce therein or consent thereto. Each case must stand on its own facts, and we will not attempt to state a rule applicable to all cases. Where a husband tenders a home he must prove its reasonableness both as to place and mode of living. Here the wife's refusal was temporary only. It was conditional upon plaintiff's showing aptitude and ability. A wife should not be subjected to the humiliation of having to rest her support upon the bounty of her husband's relatives. Nor should she be compelled to have her children grow up in that environment. Marriage anticipates an independent home though it may be humble."

■ The trial court concluded that defendant's leaving the farm home was temporary and for justifiable cause, induced by plaintiff's constructive desertion,[1] and that defendant was entitled to judgment that plaintiff's action be dismissed with prejudice.

The following rule, expressed in 1 Dunnell, Dig. (3 ed.) § 411(2), is well established in this state:

---

[1] See, Bark v. Bark, 258 Minn. 46, 102 N. W. (2d) 526; 1 Nelson, Divorce and Annulment, § 4.14; 27A C. J. S., Divorce, § 36(3); Annotation, 19 A. L. R. (2d) 1428.

"When an action is tried by a court without a jury its findings of fact are entitled to the same weight as the verdict of a jury and will not be reversed on appeal unless they are manifestly and palpably contrary to the evidence."

The record amply supports the findings and our decision law the conclusions arrived at by the trial court.

Affirmed.

MR. JUSTICE OTIS, not having been a member of the court at the time of the submission, took no part in the consideration or decision of this case.